SHORT RECORD
NO. 20-3058
FILED 10/21/2020

37,APPEAL,CLOSED,MERIT REVIEW
HELD,MOTION/DISMISS,MOTION/SJ,PRISONER,PROBONO,REFER,RULE 16 CONFERENCE
HELD,SERVICE ORDERED

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Springfield)
## CIVIL DOCKET FOR CASE #: 3:17−cv−03112−SEM−TSH

Dean v. Wexford Health Source et al                    Date Filed: 04/21/2017
Assigned to: Judge Sue E. Myerscough                   Date Terminated: 12/18/2019
Referred to: Magistrate Judge Tom Schanzle−Haskins     Jury Demand: Both
Cause: 42:1983 Prisoner Civil Rights                   Nature of Suit: 550 Prisoner: Civil Rights
                                                       Jurisdiction: Federal Question

**Plaintiff**

**William Kent Dean**              represented by    **Craig Christopher Martin**
N21885                                               WILLKIE FARR & GALLAGHER LLP
TAYLORVILLE                                          300 N. LaSalle Street
Taylorville Correctional Center                      Suite 5000
Inmate Mail/Parcels                                  Chicago, IL 60654
1144 IL Route 29 South                               312−728−9000
Taylorville, IL 62568                                Fax: 312−728−9199
217−824−4004                                         Email: cmartin@willkie.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Joshua G Rohrscheib**
                                                     BOLEN ROBINSON & ELLIS LLP
                                                     2nd Floor
                                                     202 South Franklin
                                                     Decatur, IL 62523
                                                     217−429−4296
                                                     Fax: 217−329−0034
                                                     Email: jrohrscheib@brelaw.com
                                                     *TERMINATED: 05/15/2017*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Chloe E Holt**
                                                     WILLKIE FARR & GALLAGHER LLP
                                                     300 N. LaSalle Street
                                                     Suite 5000
                                                     Chicago, IL 60654
                                                     312−728−9031
                                                     Fax: 312−728−9199
                                                     Email: cholt@willkie.com
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Joel T Pelz**
                                                     JENNER & BLOCK LLP
                                                     353 North Clark Street

Chicago, IL 60654
312−923−2609
Fax: 312−840−7609
Email: jpelz@jenner.com
*ATTORNEY TO BE NOTICED*

**Nathaniel Kenneth Sinnott Wackman**
JENNER & BLOCK LLP
353 N Clark St
Chicago, IL 60654
312−222−9350
Fax: 312−527−0484
Email: nwackman@jenner.com
*TERMINATED: 07/06/2020*
*ATTORNEY TO BE NOTICED*

**William McHenry Strom**
PALMERSHEIM & MATHEW LLP
Suite 4S
401 N. Franklin Street
Chicago, IL 60654
312−319−1791
Fax: 312−878−2890
Email: wms@thepmlawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wexford Health Source**                  represented by  **Daniel Stephen Fornoff**
CASSIDAY SCHADE LLP
Suite 200
111 North 6th Street
Springfield, IL 62701
217−572−1714
Fax: 217−572−1613
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexandra Newton Rice**
CASSIDAY SCHADE LLP
Suite 200
111 North 6th Street
Springfield, IL 62701
217−572−1714
Fax: 217−572−1613
Email: arice@cassiday.com
*ATTORNEY TO BE NOTICED*

**Elizabeth Erin Babbitt**
TAFT STETTINIUS & HOLLISTER LLP

Suite 2800
111 East Wacker Drive
Chicago, IL 60601
312−527−4000
Fax: 312−966−8556
Email: ebabbitt@taftlaw.com
*ATTORNEY TO BE NOTICED*

**J Timothy Eaton**
TAFT STETTINIUS & HOLLISTER LLP
Suite 2800
111 East Wacker Drive
Chicago, IL 60601
312−527−4000
Fax: 312−527−5921
Email: teaton@taftlaw.com
*ATTORNEY TO BE NOTICED*

**Joseph N Rupcich**
CASSIDAY SCHADE LLP
111 North 6th Street
2nd Floor
Springfield, IL 62701
217−572−1714
Fax: 217−572−1613
Email: jrupcich@cassiday.com
*ATTORNEY TO BE NOTICED*

**Patrick E Halliday**
HALLIDAY LAW LLC
1225 N North Street
Peoria, IL 61606
309−402−0001
Fax: 309−673−1201
Email: patrick@hallidaylegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Abdur Nawoor**     represented by    **Daniel Stephen Fornoff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexandra Newton Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Erin Babbitt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**J Timothy Eaton**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph N Rupcich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patrick E Halliday**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Health Care Employees**
*TERMINATED: 08/16/2018*

**Defendant**

**Rebecca Einwohner**                    represented by   **Alexandra Newton Rice**
*Dr.*                                                     (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Daniel Stephen Fornoff**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Elizabeth Erin Babbitt**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **J Timothy Eaton**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Joseph N Rupcich**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Kathy Galvin**                         represented by   **Alexandra Newton Rice**
*Nurse*                                                   (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Daniel Stephen Fornoff**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Joseph N Rupcich**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Lisa Mincy**
*TERMINATED: 12/16/2019*

represented by    **Clayton J Ankney**
OFFICE OF THE ATTORNEY
GENERAL
500 South Second Street
Springfield, IL 62701
217−782−1841
Fax: 217−782−8767
*ATTORNEY TO BE NOTICED*

**Jeremy C Tyrrell**
OFFICE OF THE ATTORNEY
GENERAL
500 South Second Street
Springfield, IL 62701
217−782−1841
Fax: 217−782−8767
*ATTORNEY TO BE NOTICED*

**Mary Kaitlyn Clark−Joseph**
OFFICE OF THE ATTORNEY
GENERAL
500 South Second Street
Springfield, IL 62701
217−782−9014
Fax: 217−782−8767
Email: mkclarkjoseph@atg.state.il.us
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/21/2017 | 1 | | COMPLAINT against Abdur Nawoor, Unknown Health Care Employees, Wexford Health Source, filed by William Kent Dean. (MJC, ilcd) (Entered: 04/21/2017) |
| 04/21/2017 | 2 | | NOTICE OF CASE OPENING. Please be advised that your case has been assigned to Judge Sue E Myerscough. Effective immediately, all documents should be mailed or scanned to the Springfield Division, 600 E Monroe, Springfield,IL 62701.Merit Review Deadline set for 5/11/2017. (Attachments: # 1 Notice Regarding Privacy Issues) (MJC, ilcd) (Entered: 04/21/2017) |
| 04/21/2017 | 3 | | PETITION TO PROCEED IN FORMA PAUPERIS filed by William Kent Dean. (MJC, ilcd) (Entered: 04/21/2017) |
| 04/21/2017 | 4 | | +++ **PRISONER TRUST FUND LEDGER by William Kent Dean. (MJC, ilcd) (Entered: 04/21/2017)** |
| 04/21/2017 | 5 | | MOTION to Request Counsel by Plaintiff William Kent Dean. Responses due by 5/5/2017. (MJC, ilcd) (Entered: 04/21/2017) |
| 04/26/2017 | 6 | | ORDER granting 3 Petition to Proceed In Forma Pauperis. Pursuant to 28 U.S.C. Section 1915(b)(1), Plaintiff is assessed an initial partial filing fee of |

| | | |
|---|---|---|
| | | $32.34. The agency having custody of Plaintiff is directed to forward the initial partial filing fee from Plaintiff's account to the Clerk of Court. After payment of the initial partial filing fee (or immediately if no funds are available for that payment) the agency having custody of Plaintiff is directed to make monthly payments of 20 percent of the preceding month's income credited to Plaintiff's account to the Clerk of Court. Income includes all deposits from any source. The agency having custody of the plaintiff shall forward these payments each time Plaintiff's account exceeds $10, until the filing fee of $350 is paid in full. The Clerk is directed to mail a copy of this order to Plaintiff's place of confinement, to the attention of the Trust Fund Office. Entered by Judge Sue E. Myerscough on 04/26/2017. (DM, ilcd) (Entered: 04/26/2017) |
| 04/26/2017 | 7 | MERIT REVIEW OPINION Entered by Judge Sue E. Myerscough on 04/26/2017. SEE WRITTEN OPINION. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs and a state law malpractice claim. This case proceeds solely on the claims identified in this paragraph. This case is now in the process of service. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act. (DM, ilcd) (Entered: 04/26/2017) |
| 04/26/2017 | 8 | HIPAA QUALIFIED PROTECTIVE ORDER. Entered by Judge Sue E. Myerscough on 04/26/2017. (DM, ilcd) (Entered: 04/26/2017) |
| 04/26/2017 | 9 | REQUEST FOR WAIVER OF SERVICE and Notice of Lawsuit sent to Defendants Wexford and Dr. Abdur Nawoor on 04/26/2017. (DM, ilcd) (Entered: 04/26/2017) |
| 04/27/2017 | | Waiver of Service Returned Unexecuted as to Dr. Abdur Nawoor, filed by William Kent Dean. Notification received from Wexford that waiver should be sent to Taylorville CC. (DM, ilcd) (Entered: 04/27/2017) |
| 04/27/2017 | 10 | WAIVER OF SERVICE Returned Executed by William Kent Dean. Wexford Health Source waiver sent on 4/26/2017, answer due 6/26/2017. (DM, ilcd) (Entered: 04/27/2017) |
| 04/27/2017 | 11 | Second REQUEST FOR WAIVER OF SERVICE and Notice of Lawsuit sent to Dr. Abdur Nawoor, c/o Taylorville CC on 04/27/2017. (DM, ilcd) (Entered: 04/27/2017) |
| 05/02/2017 | | TEXT ORDER Entered by Judge Sue E. Myerscough on 5/2/17. Plaintiff's motion for appointed counsel is granted 5 . The Court appoints as Plaintiff's counsel Attorney Josh Rohrscheib from the law firm Bolen Robinson & Ellis LLP. A status conference is set by telephone for July 14, 2017, at 10:00 a.m. to check on service and discussing scheduling. The clerk is directed to issue a telephone writ to secure Plaintiff's presence at the status conference. The clerk is directed to forward this order to the Pro Bono Coordinator for processing pursuant to the standard procedures. (DK, ilcd) (Entered: 05/02/2017) |
| 05/02/2017 | 12 | Remark: Letter electronically sent to Pro Bono attorney Rohrscheib along with the following Attachments: # 1 Docket Sheet, # 2 Plan for Recruitment of Counsel. Also on this date a copy of the docket sheet was mailed to plaintiff at Taylorville Correctional Center.(DK, ilcd) (Entered: 05/02/2017) |

| 05/02/2017 | 13 | TELEPHONE WRIT issued for Plaintiff's participate in the Status Conference set for 7/14/2017 at 10:00 AM. (Copy of writ faxed and mailed to Taylorville CC.) (DM, ilcd) (Entered: 05/02/2017) |
|---|---|---|
| 05/05/2017 | 14 | WAIVER OF SERVICE Returned Executed by William Kent Dean. Abdur Nawoor waiver sent on 4/26/2017, answer due 6/26/2017. (DM, ilcd) (Entered: 05/06/2017) |
| 05/11/2017 | 15 | MOTION to Withdraw as Attorney by Plaintiff William Kent Dean. Responses due by 5/25/2017 (Rohrscheib, Joshua) (Entered: 05/11/2017) |
| 05/15/2017 | | TEXT ORDER: The motion to withdraw by Attorney Rohrscheib is granted (d/e 15 ). The clerk is directed to terminate Attorney Rohrscheib. Entered by Judge Sue E. Myerscough on 05/15/2017. (DM, ilcd) (Entered: 05/15/2017) |
| 05/16/2017 | | TEXT ORDER: Appointed counsel for Plaintiff recently withdrew due to a conflict. The Court appoints as Plaintiff's counsel Attorney Craig C. Martin from the law firm of Jenner & Block. Fees and costs reimbursable from the District Fund are limited to $1,000. Additionally, if this case settles, reimbursement of fees and costs incurred by appointed counsel will come from Plaintiff's settlement, not from the District Fund. A status conference by telephone is set for July 14, 2017 at 10:00 a.m. to confirm Plaintiff's consent to the appointment, to check on service, and to discuss scheduling. The Clerk is directed to forward this order to the Pro Bono Coordinator for processing pursuant to the standard procedures. Entered by Judge Sue E. Myerscough on 05/16/2017. (DM, ilcd) (Entered: 05/16/2017) |
| 05/19/2017 | 16 | Remark: Letter electronically sent to Attorney Martin along with the following attachments: # 1 Docket Sheet, # 2 Plan for Recruitment of Counsel. Also on this date a copy of the docket sheet was conventionally mailed to plaintiff at Taylorville Correctional Center. (DK, ilcd) (Entered: 05/19/2017) |
| 05/19/2017 | | Prisoner Initial Partial Filing Fee received 5/19/2017, in the amount of $ 2.00; receipt number 34626009483 (MAS, ilcd) (Entered: 05/19/2017) |
| 06/01/2017 | 17 | NOTICE of Appearance of Attorney by Craig Christopher Martin on behalf of William Kent Dean (Martin, Craig) (Entered: 06/01/2017) |
| 06/01/2017 | 18 | NOTICE of Appearance of Attorney by William McHenry Strom on behalf of William Kent Dean (Strom, William) (Entered: 06/01/2017) |
| 06/26/2017 | 19 | NOTICE of Appearance of Attorney by Patrick E Halliday on behalf of Abdur Nawoor, Wexford Health Source (Halliday, Patrick) (Entered: 06/26/2017) |
| 06/26/2017 | 20 | NOTICE of Appearance of Attorney by Daniel Stephen Fornoff on behalf of Abdur Nawoor, Wexford Health Source (Fornoff, Daniel) (Entered: 06/26/2017) |
| 06/26/2017 | 21 | ANSWER to 1 Complaint AND AFFIRMATIVE DEFENSES by Abdur Nawoor, Wexford Health Source.(Fornoff, Daniel) (Entered: 06/26/2017) |
| 06/26/2017 | 22 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Abdur Nawoor, Wexford Health Source. Responses due by 7/10/2017 (Fornoff, Daniel) (Entered: 06/26/2017) |
| 06/26/2017 | 23 | |

| | | | |
|---|---|---|---|
| | | | MEMORANDUM *of Law in Support of* re 22 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Abdur Nawoor, Wexford Health Source. (Fornoff, Daniel) (Entered: 06/26/2017) |
| 06/30/2017 | 24 | | NOTICE *of Subpoena* (Fornoff, Daniel) (Entered: 06/30/2017) |
| 07/05/2017 | 25 | | VACATED as per Text Order of 7/7/2017 VIDEO WRIT issued for Plaintiff William Kent Dean's video appearance on July 14, 2017 at 10:00 AM. (Copy e−mailed to Concordia and Taylorville CC.) (DM, ilcd) Modified on 7/10/2017 (GL, ilcd). (Entered: 07/05/2017) |
| 07/06/2017 | 26 | | MOTION to Continue *the July 14, 2017 Status Hearing and For Extension of Time to Respond to Defendants' Motion to Dismiss* 22 by Plaintiff William Kent Dean. Responses due by 7/20/2017 (Martin, Craig) (Entered: 07/06/2017) |
| 07/07/2017 | | | TEXT ORDER: Plaintiff's unopposed motion for continuance and extension of time is granted (d/e 26 ). Plaintiff's deadline for responding to the motion to dismiss is extended to July 17, 2017. The status conference set for July 14, 2017, is vacated and rescheduled to July 25, 2017, at 10:00 a.m. The clerk is directed to vacate the video writ for July 14, 2017, and to issue a new video writ for July 25, 2017. Entered by Judge Sue E. Myerscough on 07/07/2017. (DM, ilcd) (Entered: 07/07/2017) |
| 07/10/2017 | 27 | | VIDEO WRIT issued for Plaintiff, William Kent Dean's video appearance on July 25, 2017 at 10:00 AM. (Copy of Video Writ and Text Order of 7/7/2017 faxed to Concordia and Taylorville CC.) Fax confirmation sheet received. (GL, ilcd) (Entered: 07/10/2017) |
| 07/11/2017 | | | Set/Reset Deadlines/Hearings: (Internal) Rule 16 Deadline 7/31/2017. (MB, ilcd) (Entered: 07/11/2017) |
| 07/17/2017 | 28 | | AMENDED COMPLAINT against Abdur Nawoor, Wexford Health Source, filed by William Kent Dean.(Martin, Craig) (Entered: 07/17/2017) |
| 07/25/2017 | | | Minute Entry for proceedings held before Judge Sue E. Myerscough: STATUS CONFERENCE held on 7/25/2017. Plaintiff William Dean Kent present via video from Taylorville CC. Attorney Craig Martin present via telephone for possible pro bono appointment. Attorney William Strom present via video for possible appointment of pro bono counsel. Summer Associate Chloe Holt present via video for observation. Attorney Fornoff present on behalf of Defendants Wexford and Nawoor. Plaintiff Dean accepted appointment of pro bono counsel, Attorneys Martin and Strom. By agreement of parties and the filing of the Amended Complaint, the Motion to Dismiss 22 previously filed was rendered moot. Defense counsel to advise Court within seven days if they will accept service as to the additional defendants: Einwohner, Galvin and Mincy. Clerk directed to add additional Defendants to the docket. Proposed Scheduling Order to be filed by August 1, 2017. Settlement Conference scheduled for August 25, 2017 at 10:30 AM before Judge Tom Schanzle−Haskins, Courtroom 3, Springfield, IL. Video writ to issue for Plaintiff's appearance. Hearing adjourned. (Tape #SP−1: 10:04 AM.) (DM, ilcd) (Entered: 07/25/2017) |
| 07/26/2017 | 29 | | VIDEO WRIT issued for Plaintiff Dean's video appearance at the Settlement Conference scheduled on August 25, 2017 from 10:30 AM − 12:30 PM. (Writ faxed to Concordia and Taylorville CC) (DM, ilcd) (Entered: 07/26/2017) |

| | | |
|---|---|---|
| 07/26/2017 | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle−Haskins. Pursuant to Local Rule 16.1(B), the Court orders a settlement conference before U.S. Magistrate Judge Tom Schanzle−Haskins on Friday, August 25, 2017, beginning at 10:30 a.m. in Courtroom 3 in Springfield. In lieu of detailed mediation statements as described in Judge Schanzle−Haskins Mediation Memorandum (available on the Court's website), the parties shall submit a statement describing prior negotiations, including demands, offers, and counter−offers that have been made and rejected and identify any particular circumstances which may have impeded settlement efforts. The statement shall not be filed with the Court or submitted to opposing counsel but shall be submitted directly to Judge Schanzle−Haskins on or before the close of business on August 21, 2017. (LB, ilcd) (Entered: 07/26/2017) |
| 08/01/2017 | 30 | Response by Abdur Nawoor, Wexford Health Source re Order on Motion to Dismiss for Failure to State a Claim, Status Conference, Set/Reset Hearings,,,,,,,,,,,, *Text Order of 7/25/2017*. (Fornoff, Daniel) (Entered: 08/01/2017) |
| 08/01/2017 | 31 | NOTICE − *Joint Proposed Scheduling Order* (Martin, Craig) (Entered: 08/01/2017) |
| 08/07/2017 | | TEXT ORDER: Attorney Fornoff represents that he will assist Plaintiff's counsel in getting the waivers of service to Defendants Galvin and Gildenger. (d/e 30 .) Mr. Fornoff also represents that, according to his information, Defendant Mincy was an IDOC employee until January 2017. The clerk will send a waiver of service to Defendant Mincy at Defendant Mincy's forwarding address. The forwarding address shall be kept confidential and not filed. Scheduling deadlines will be set after all Defendants have appeared through counsel. The settlement conference scheduled for August 25, 2017, is vacated. Magistrate Judge Schanzle−Haskins will reschedule the settlement conference after all Defendants have appeared through counsel. The clerk is directed to contact the litigation coordinator at Taylorville Correctional Center to determine the forwarding address for Defendant Mincy and to send Defendant Mincy a waiver of service. Further, the clerk is directed to vacate the video writ for August 25, 2017. Entered by Judge Sue E. Myerscough on 08/07/2017. (DM, ilcd) (Entered: 08/07/2017) |
| 08/08/2017 | 32 | REQUEST FOR WAIVER OF SERVICE and Notice of Lawsuit sent to Lisa Mincy on 08/8/2017. (DM, ilcd) (Entered: 08/08/2017) |
| 08/10/2017 | 33 | REQUEST FOR WAIVER OF SERVICE and Notice of Lawsuit sent to Defendant Rebecca Einwohner on 08/10/2017. (Strom, William) (Entered: 08/10/2017) |
| 08/10/2017 | 34 | REQUEST FOR WAIVER OF SERVICE and Notice of Lawsuit sent to Defendant Kathy Galvin on 08/10/2017. (Strom, William) (Entered: 08/10/2017) |
| 08/16/2017 | | Set/Reset Deadlines/Hearings: (Internal) Rule 16 Deadline 9/5/2017. (MB, ilcd) (Entered: 08/16/2017) |
| 08/29/2017 | 35 | WAIVER OF SERVICE Returned Executed by William Kent Dean. Lisa Mincy waiver sent on 8/8/2017, answer due 10/10/2017. (DM, ilcd) (Entered: 08/29/2017) |

| | | |
|---|---|---|
| 09/08/2017 | | Set/Reset Deadlines/Hearings: (Internal) Rule 16 Deadline 10/10/2017. (MB, ilcd) (Entered: 09/08/2017) |
| 10/06/2017 | 36 | ANSWER to 28 Amended Complaint *(Affirmative Defenses)* by Lisa Mincy.(Clark−Joseph, Mary) (Entered: 10/06/2017) |
| 10/10/2017 | 37 | NOTICE of Appearance of Attorney by Daniel Stephen Fornoff on behalf of Rebecca Einwohner, Kathy Galvin (Fornoff, Daniel) (Entered: 10/10/2017) |
| 10/10/2017 | 38 | NOTICE of Appearance of Attorney by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 10/10/2017) |
| 10/10/2017 | 39 | MOTION for Extension of Time to File Answer re 28 Amended Complaint by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 10/24/2017 (Fornoff, Daniel) (Entered: 10/10/2017) |
| 10/11/2017 | | TEXT ORDER: The unopposed motion to extend the Answer deadline to October 17, 2017, filed by Defendants Einwohner, et al., is granted. (d/e 39 .) Entered by Magistrate Judge Tom Schanzle−Haskins on 10/11/2017. (SKN, ilcd) (Entered: 10/11/2017) |
| 10/17/2017 | 40 | ANSWER to 28 Amended Complaint by Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source.(Fornoff, Daniel) (Entered: 10/17/2017) |
| 11/01/2017 | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle−Haskins. Pursuant to Local Rule 16.1(B), the Court orders a settlement conference before U.S. Magistrate Judge Tom Schanzle−Haskins on Monday, December 4, 2017, beginning at 1:30 p.m. in Courtroom 3 in Springfield. Clerk is directed to issue writ for Plaintiff's appearance via video. In lieu of detailed mediation statements as described in Judge Schanzle−Haskins Mediation Memorandum (available on the Court's website), the parties shall submit a statement describing prior negotiations, including demands, offers, and counter−offers that have been made and rejected and identify any particular circumstances which may have impeded settlement efforts. The statement shall not be filed with the Court or submitted to opposing counsel but shall be submitted directly to Judge Schanzle−Haskins on or before the close of business on November 27, 2017. Entered on 11/1/2017. (DM, ilcd) (Entered: 11/01/2017) |
| 11/01/2017 | 41 | VIDEO WRIT issued for Plaintiff's appearance via video for a Settlement Conference before Magistrate Judge Tom Schanzle−Haskins commencing on 12/4/2017 at 1:30 PM. (Copy faxed to Concordia and Taylorville CC) (DM, ilcd) (Entered: 11/01/2017) |
| 11/13/2017 | 42 | NOTICE *of Subpoena* (Fornoff, Daniel) (Entered: 11/13/2017) |
| 12/04/2017 | | Minute Entry for proceedings held before Magistrate Judge Tom Schanzle−Haskins: Settlement conference held before U.S. Magistrate Judge Tom Schanzle−Haskins on 12/4/2017. Plaintiff present via video. Attorneys William Strom and Nathaniel Wackman present in person on behalf of Plaintiff. Attorneys Joseph Rupcich and Daniel Fornoff present in person on behalf of Defendants Wexford, Nawoor, Einwohner, and Galvin. Attorney Mary Kaitlyn Clark−Joseph present in person on behalf of Defendant Mincy. |

| | | |
|---|---|---|
| | | Settlement conference does not result in settlement. Case to be placed on U.S. District Judge Sue Myerscough's docket for scheduling of discovery, final pretrial conference, and trial. (MJC, ilcd) (Entered: 12/04/2017) |
| 12/08/2017 | 43 | MOTION for Leave to File *Amended Answer* by Defendant Lisa Mincy. Responses due by 12/22/2017 (Attachments: # 1 Exhibit 1)(Clark−Joseph, Mary) (Entered: 12/08/2017) |
| 02/01/2018 | | TEXT ORDER: Defendant Mincy's unopposed motion to file an amended answer is granted. (d/e 43 ). The clerk is directed to separately docket the amended answer. Entered by Magistrate Judge Tom Schanzle−Haskins on 02/01/2018. (DM, ilcd) (Entered: 02/01/2018) |
| 02/01/2018 | 44 | AMENDED ANSWER AND AFFIRMATIVE DEFENSE TO 28 Amended Complaint by Lisa Mincy. (DM, ilcd) (Entered: 02/01/2018) |
| 02/01/2018 | | TEXT ORDER: Initial pre−trial Rule 16 telephone status / scheduling hearing is set for Monday, February 26, 2018, at 9:00 a.m. Attorneys are directed to comply with Federal Rule of Civil Procedure 26(f) by meeting as soon as practicable, and in any event at least fourteen (14) days prior to the scheduling conference, and are to submit a proposed discovery plan in writing to the Court on or before February 21, 2018. Such a plan must include, at a minimum, those items listed in CDIL−LR 26.2(3), Rule 16(b), Rule 26(f), and CDIL−LR 16.2(E) with proposed deadlines. The parties are directed to specifically address the provisions, if any, for discovery or disclosure of electronically stored information, and to discuss agreements, if any, the parties reach for asserting claims of privilege or of protection as trial preparation material, after inadvertent production. Any plan filed shall specifically address the need, or lack thereof, concerning discovery of electronically stored information. If a discovery plan is not submitted as required, the scheduling hearing will not be held and costs may be assessed. Lead counsel or other counsel of record with knowledge of the case should be available to participate in the Rule 16 scheduling hearing. Entered by Magistrate Judge Tom Schanzle−Haskins on 02/01/2018. (DM, ilcd) (Entered: 02/01/2018) |
| 02/20/2018 | 45 | NOTICE of Appearance of Attorney by Nathaniel Kenneth Sinnott Wackman on behalf of William Kent Dean (Wackman, Nathaniel) (Entered: 02/20/2018) |
| 02/20/2018 | 46 | DISCOVERY PLAN − PROPOSED/Report of Rule 26(f)Planning Meeting by William Kent Dean. (Martin, Craig) (Entered: 02/20/2018) |
| 02/26/2018 | 47 | MINUTE ENTRY for proceedings held before U.S. Magistrate Judge Tom Schanzle−Haskins: Telephonic Rule 16 Scheduling Conference held on 2/26/2018 with counsel: Nathaniel Wackman, William Strom, Brent Colbert, and Mary Clark−Joseph. Written Scheduling Order to follow. Parties are reminded of their option to consent to proceed before U.S. Magistrate Judge. See attached form. (LB, ilcd) (Entered: 02/26/2018) |
| 02/26/2018 | 48 | SCHEDULING ORDER entered by U.S. Magistrate Judge Tom Schanzle−Haskins. TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS: Initial Disclosures due by 3/12/2018; Joinder of Parties / Amended Pleadings due by 12/14/2018; Fact Discovery due by 11/16/2018; Plaintiff`s Expert Disclosure due by 12/14/2018; Defendant`s Expert Disclosure due by 1/18/2019; Expert Discovery due by 3/1/2019; Dispositive Motions due by 4/12/2019. Final Pretrial Conference set 6/24/2019 at 10:00 |

| | | |
|---|---|---|
| | | AM in Courtroom 1 in Springfield before U.S. District Judge Sue E. Myerscough. Jury Trial set 7/23/2019 at 9:00 AM before Judge Myerscough. Telephonic Status Conference with counsel set Monday, 3/11/2019, at 10:00 AM (court will place call) before Magistrate Judge Schanzle−Haskins. See written order. (Attachments: #(1) Mediation Memo, #(2) Courtroom Technology Brochure) (LB, ilcd) (Entered: 02/27/2018) |
| 03/12/2018 | 49 | MOTION for Extension of Time to Complete Discovery *Initial Disclosures* by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 3/26/2018 (Fornoff, Daniel) (Entered: 03/12/2018) |
| 03/13/2018 | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle−Haskins. Agreed Motion for Extension of Time to Provide Initial Disclosures 49 ALLOWED. Initial Disclosures deadline extended to 3/16/2018. (LB, ilcd) (Entered: 03/13/2018) |
| 03/15/2018 | 50 | CERTIFICATE of Service/Counsel *for Defendants' Rule 26 Initial Disclosures* by Daniel Stephen Fornoff on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Fornoff, Daniel) (Entered: 03/15/2018) |
| 05/29/2018 | | Prisoner Initial Partial Filing Fee received 5/29/2018, in the amount of $ 2.00; receipt number 34626010478. (GL, ilcd) (Entered: 05/30/2018) |
| 06/15/2018 | 51 | Joint MOTION to Take Deposition from Plaintiff William Kent Dean by Plaintiff William Kent Dean. Responses due by 6/29/2018 (Attachments: # 1 Exhibit A)(Martin, Craig) (Entered: 06/15/2018) |
| 06/19/2018 | | TEXT ORDER granting 51 Motion to Take Deposition of William Kent Dean. Entered by Magistrate Judge Tom Schanzle−Haskins on 6/18/18. (SG, ilcd) (Entered: 06/19/2018) |
| 06/25/2018 | 52 | MOTION for Leave to File *Second Amended Complaint* by Plaintiff William Kent Dean. Responses due by 7/9/2018 (Attachments: # 1 Exhibit A)(Martin, Craig) (Entered: 06/25/2018) |
| 08/16/2018 | | TEXT ORDER: Plaintiff's unopposed motion for leave to file a second amended complaint is granted. The clerk is directed to separately docket the second amended complaint. Entered by Magistrate Judge Tom Schanzle−Haskins on 08/16/2018. (DM, ilcd) (Entered: 08/16/2018) |
| 08/16/2018 | 53 | SECOND AMENDED COMPLAINT against Defendants Rebecca Einwohner, Kathy Galvin, Lisa Mincy, Abdur Nawoor, Wexford Health Source, filed by William Kent Dean. (DM, ilcd) (Entered: 08/16/2018) |
| 08/21/2018 | 54 | NOTICE of Appearance of Attorney by Jeremy C Tyrrell on behalf of Lisa Mincy (Tyrrell, Jeremy) (Entered: 08/21/2018) |
| 08/21/2018 | 55 | NOTICE of Appearance of Attorney by Jeremy C Tyrrell on behalf of Lisa Mincy (Tyrrell, Jeremy) (Entered: 08/21/2018) |
| 08/30/2018 | 56 | MOTION for Extension of Time to File Answer *to Second Amended Complaint* by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 9/13/2018 (Fornoff, Daniel) (Entered: 08/30/2018) |

| | | |
|---|---|---|
| 08/30/2018 | 57 | MOTION for Extension of Time to File Answer re 53 Amended Complaint by Defendant Lisa Mincy. Responses due by 9/13/2018 (Tyrrell, Jeremy) (Entered: 08/30/2018) |
| 09/13/2018 | 58 | NOTICE of Appearance of Attorney by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 09/13/2018) |
| 09/13/2018 | 59 | ANSWER to 53 Amended Complaint by Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source.(Rupcich, Joseph) (Entered: 09/13/2018) |
| 09/13/2018 | 60 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 9/27/2018 (Rupcich, Joseph) (Entered: 09/13/2018) |
| 09/13/2018 | 61 | ANSWER to 53 Amended Complaint *with Affirmative Defenses* by Lisa Mincy.(Tyrrell, Jeremy) (Entered: 09/13/2018) |
| 09/27/2018 | 62 | RESPONSE to Motion re 60 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM / *Plaintiff William Kent Dean's Response in Opposition to the Partial Motion to Dismiss Count IX* filed by Plaintiff William Kent Dean. (Martin, Craig) (Entered: 09/27/2018) |
| 10/16/2018 | 63 | Joint MOTION for Extension of Time to Complete Discovery / *Joint Motion to Extend Scheduling Order Deadlines* by Plaintiff William Kent Dean. Responses due by 10/30/2018 (Martin, Craig) (Entered: 10/16/2018) |
| 10/17/2018 | | TEXT ORDER: Defendants' motions to extend their Answer deadlines are granted. (d/e's 56 , 57 .) The Answers have been filed. The joint motion to extend deadlines is granted. (d/e 63 .) Fact discovery closes December 21, 2018. Motions to amend/join are due January 18, 2019. Plaintiff's expert disclosures are due January 18, 2019. Defendants' expert disclosures are due February 22, 2019. Expert discovery closes April 5, 2019. Dispositive motions are due May 17, 2019. Entered by Magistrate Judge Tom Schanzle–Haskins on 10/17/2018. (DM, ilcd) (Entered: 10/17/2018) |
| 11/15/2018 | 64 | MOTION for Extension of Time to Complete Discovery by Defendant Lisa Mincy. Responses due by 11/29/2018 (Tyrrell, Jeremy) (Entered: 11/15/2018) |
| 11/16/2018 | | TEXT ORDER: Defendant Wexford's motion to dismiss Count IX is granted only to the extent Plaintiff pursues a federal respondeat superior claim against Wexford. (d/e 60 .) Some Seventh Circuit judges have indicated a willingness to revisit whether private corporations like Wexford may be liable on a respondeat superior basis for the federal constitutional violations of their employees. Shields v. IDOC, 746 F.3d 782, 795 (7th Cir. 2014)(a new approach may be needed for whether corporations should be insulated from respondeat superior liability under § 1983.) However, binding precedent which this Court must follow still bars respondeat superior liability under § 1983. Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)([J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees,...., a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."); Collins v. Al–Shami, 851 F.3d 727, 734 (7th Cir. 2017)("Under existing precedent, neither public nor private entities may be held vicariously |

| | | |
|---|---|---|
| | | liable under § 1983.") Hahn v. Walsh, 762 F.3d 617, 640 (7th Cir. 2014)("Our considered decision in Iskander is compatible with the holding of every circuit to have addressed the issue.") This order does not address Plaintiff's respondeat superior liability claim based state law. Plaintiff may file an amended complaint within 30 days of the entry of this order. Entered by Judge Sue E. Myerscough on 11/16/2018. (GL, ilcd) (Entered: 11/16/2018) |
| 12/19/2018 | | TEXT ORDER: Defendant Mincy's unopposed motion to extend her deadline for responding to Plaintiff's discovery requests is granted. (d/e 64 .) The requested extension has passed. Entered by Magistrate Judge Tom Schanzle−Haskins on 12/19/2018. (GL, ilcd) (Entered: 12/19/2018) |
| 01/18/2019 | 65 | MOTION for Extension of Time to Complete Discovery / *Agreed Motion to Extend Deadline for Plaintiff's Expert Disclosures and Motions to Amend/Join the Complaint* by Plaintiff William Kent Dean. Responses due by 2/1/2019 (Martin, Craig) (Entered: 01/18/2019) |
| 01/23/2019 | | TEXT ORDER granting 65 Agreed Motion for Extension of Time to Complete Discovery. The deadline for Plaintiff's expert disclosures and amendments is extended to February 15,2019. The parties are directed to file their other agreed deadline extensions by February 15, 2019. Entered by Magistrate Judge Tom Schanzle−Haskins on 1/23/2019. (SG, ilcd) (Entered: 01/23/2019) |
| 01/23/2019 | 66 | NOTICE to Take Deposition of Dr. William Severino on 02/08/2019 (Rupcich, Joseph) (Entered: 01/23/2019) |
| 02/11/2019 | | TEXT ORDER: By agreement of the parties, the jury selection and trial are rescheduled to October 15, 2019 at 9:00 AM. Entered by Judge Sue E. Myerscough on 02/11/2019. (DM, ilcd) (Entered: 02/11/2019) |
| 02/14/2019 | 67 | NOTICE of Appearance of Attorney by Chloe E Holt on behalf of William Kent Dean (Holt, Chloe) (Entered: 02/14/2019) |
| 02/15/2019 | 68 | MOTION to Modify Case Management Order Deadlines *(Unopposed)* by Plaintiff William Kent Dean. Responses due by 3/1/2019 (Martin, Craig) (Entered: 02/15/2019) |
| 02/19/2019 | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle−Haskins. Unopposed Motion to Modify Case Management Order Deadlines 68 ALLOWED. Amended Pleadings and Joinder of Parties deadlines are extended to 3/22/2019; Plaintiff`s Expert Disclosure deadline extended to 3/22/2019; Defendant`s Expert Disclosure deadline extended to 5/24/2019; Expert Discovery deadline extended to 7/12/2019; Dispositive Motions deadline extended to 8/9/2019. Final Pretrial Conference set 6/24/2019 is CANCELLED and reset 10/4/2019 at 10:00 AM in Courtroom 1 in Springfield before U.S. District Judge Sue E. Myerscough. Telephonic Status Conference set 3/11/2019 is CANCELLED and reset Friday, 7/12/2019, at 10:30 AM (court will place call) before Magistrate Judge Schanzle−Haskins. Jury trial remains set 10/15/2019. (LB, ilcd) (Entered: 02/19/2019) |
| 03/22/2019 | 69 | MOTION for Leave to File *Third Amended Complaint* by Plaintiff William Kent Dean. Responses due by 4/5/2019 (Attachments: # 1 Exhibit A)(Martin, Craig) (Entered: 03/22/2019) |
| 03/27/2019 | 70 | |

| | | |
|---|---|---|
| | | MOTION for Protective Order *re Confidentiality* by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 4/10/2019 (Attachments: # 1 Text of Proposed Order)(Rupcich, Joseph) (Entered: 03/27/2019) |
| 03/27/2019 | 71 | CERTIFICATE of Service/Counsel *for Response to Plaintiff's RTP* by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 03/27/2019) |
| 04/12/2019 | | TEXT ORDER: Plaintiff's unopposed motion for leave to file a third amended complaint is granted. (d/e 69 .) Defendants' motion for the entry of an agreed protective order is granted. (d/e 70 .) The clerk is directed to separately docket the third amended complaint. Further, the clerk is directed to separately docket the agreed protective order with the Court's electronic signature. Entered by Magistrate Judge Tom Schanzle−Haskins on 04/12/2019. (DM, ilcd) (Entered: 04/12/2019) |
| 04/12/2019 | 72 | THIRD AMENDED COMPLAINT against Rebecca Einwohner, Kathy Galvin, Lisa Mincy, Abdur Nawoor, Wexford Health Source, filed by William Kent Dean. (DM, ilcd) (Entered: 04/12/2019) |
| 04/12/2019 | 73 | PROTECTIVE ORDER. See Written Order. Entered by Magistrate Judge Tom Schanzle−Haskins on 04/12/2019. (DM, ilcd) (Entered: 04/12/2019) |
| 04/12/2019 | 74 | NOTICE *of Subpoenas* (Rupcich, Joseph) (Entered: 04/12/2019) |
| 04/26/2019 | 75 | ANSWER to 72 Amended Complaint *with Affirmative Defenses* by Lisa Mincy.(Tyrrell, Jeremy) (Entered: 04/26/2019) |
| 04/29/2019 | 76 | NOTICE of Appearance of Attorney by Joel T Pelz on behalf of William Kent Dean (Pelz, Joel) (Entered: 04/29/2019) |
| 05/17/2019 | 77 | CERTIFICATE of Service/Counsel *for Defendants' Answers to Interrogatories* by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 05/17/2019) |
| 05/29/2019 | | Remark:The 5/17/2019 docket entry was returned as an undeliverable email address as to Attorney Fornoff. Attorney Fornoff email account disabled, as he is no longer at Cassiday Schade LLP. (LN, ilcd) (Entered: 05/29/2019) |
| 06/21/2019 | 78 | MOTION Set Status Conference by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 7/5/2019 (Rupcich, Joseph) (Entered: 06/21/2019) |
| 07/01/2019 | | TEXT ORDER entered by Magistrate Judge Tom Schanzle−Haskins on 7/1/2019. The motion for a status conference is moot 78 because a status conference is already set for July 12, 2019 at 10:30 a.m. by telephone (counsel only). The clerk will place the call. (KE, ilcd) (Entered: 07/01/2019) |
| 07/12/2019 | | MINUTE ENTRY for proceedings held before U.S. Magistrate Judge Tom Schanzle−Haskins. Telephonic status conference held with counsel for Plaintiff, Craig Martin, Joel Pelz, Nathaniel Wackman, and William Strom, counsel for the Wexford Defendants, Joseph Rupcich, and counsel for Defendant Mincy, Jeremy Tyrrell. Discussion held regarding current deadlines in this case. Plaintiff makes oral motion to extend discovery and dispositive motions deadlines. Wexford Defendants' counsel requests until 9/1/2019 to |

| | | |
|---|---|---|
| | | complete 30(b)(6) depositions. Plaintiff objects and wants to keep the current trial date. Argument heard. Wexford Defendants to produce 30(b)(6) witnesses for deposition on or before 8/23/2019. The following deadlines were discussed: Plaintiff's expert disclosure deadline to be extended to 9/6/2019, depositions by 9/20/2019. Defendants' expert disclosure deadline to be extended to 10/30/2019, depositions by 11/15/2019. Dispositive motions deadline to be extended to 11/30/2019. Plaintiff's counsel requests trial date between Thanksgiving and Christmas of 2019. Court indicates it does not know if trial dates are available at that time. Further telephonic scheduling conference to discuss trial date set Tuesday, 7/16/2019, at 2:00 p.m. (Court will place call). (LB, ilcd) (Entered: 07/12/2019) |
| 07/16/2019 | | MINUTE ENTRY for proceedings held before U.S. Magistrate Judge Tom Schanzle–Haskins. Telephonic status conference held with counsel for Plaintiff, Chloe Holt, Joel Pelz, Nathaniel Wackman, and William Strom, counsel for the Wexford Defendants, Joseph Rupcich, and counsel for Defendant Mincy, Jeremy Tyrrell. Pursuant to argument held in this case on 7/12/2019, Court sets the following deadlines: Wexford Defendants to produce 30(b)(6) witnesses for deposition on or before 8/16/2019 (8/23/2019 deadline issued with Minute Entry of 7/12/2019 is VACATED); Plaintiffs expert disclosure deadline extended to 8/30/2019, depositions by 9/13/2019; Defendants expert disclosure deadline extended to 9/30/2019, depositions by 10/15/2019; Dispositive motions deadline extended to 10/25/2019, responses by 11/8/2019, replies by 11/15/2019. Final Pretrial conference set 10/4/2019 is CANCELLED and reset 12/2/2019 at 10:00 a.m. in Courtroom 1 in Springfield before U.S. District Judge Sue Myerscough. Jury Trial set 10/15/2019 is CANCELLED and reset 12/10/2019 at 9:00 a.m. before Judge Myerscough. Jury Selection set 12/9/2019 at 1:30 p.m. before Magistrate Judge Schanzle–Haskins. Attorney Rupcich disputed statements made by Attorney Christopher Martin during the 7/12/2019 telephone conference regarding the physical condition of the Plaintiff. The trial and final pretrial dates above are FIRM dates. Any request for a mediation or settlement conference shall be made and scheduled prior to the final pretrial conference. (LB, ilcd) (Entered: 07/16/2019) |
| 07/16/2019 | | TEXT ORDER entered by Magistrate Judge Tom Schanzle–Haskins on 7/16/2019. The Clerk is directed to issue the following: 1) a writ to secure Plaintiff's presence by video at the final pretrial conference set 12/2/2019 at 10:00 AM; 2) a writ to secure Plaintiff's presence in person at the jury selection beginning 12/9/2019 at 1:30 PM; and, 3) a writ to secure Plaintiff's presence in person at the trial beginning on 12/10/2019 at 9:00 AM. (KE, ilcd) (Entered: 07/16/2019) |
| 07/24/2019 | 79 | NOTICE of Subpoena (Rupcich, Joseph) (Entered: 07/24/2019) |
| 07/25/2019 | 80 | CERTIFICATE of Service/Counsel Supplemental Rule 26 Disclosures by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 07/25/2019) |
| 07/30/2019 | 81 | MOTION for Reconsideration re Status Conference – Referral Judge,,,,,,, Set/Reset Scheduling Order Deadlines/Hearings,,,,,,, Terminate Deadlines and Hearings,,,,,, by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 8/13/2019 (Attachments: # |

| | | | |
|---|---|---|---|
| | | | <u>1</u> Exhibit A)(Rupcich, Joseph) (Entered: 07/30/2019) |
| 08/02/2019 | 82 | | NOTICE *of Subpoena* (Rupcich, Joseph) (Entered: 08/02/2019) |
| 08/06/2019 | 83 | | MEMORANDUM in Opposition re 81 MOTION for Reconsideration re Status Conference − Referral Judge,,,,,,, Set/Reset Scheduling Order Deadlines/Hearings,,,,,, Terminate Deadlines and Hearings,,,,,, / *Plaintiff William Dean's Opposition to Wexford Defendants' Motion to Reconsider Case Schedule* filed by Plaintiff William Kent Dean. (Attachments: # <u>1</u> Declaration of William M. Strom, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Exhibit C, # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Exhibit I)(Martin, Craig) (Entered: 08/06/2019) |
| 08/08/2019 | | | TEXT ORDER: Defendants' motion to reconsider is denied. (d/e 81.) Deadlines and settings remain as scheduled. Entered by Judge Sue E. Myerscough on 8/8/2019. (SG, ilcd) (Entered: 08/08/2019) |
| 08/27/2019 | 84 | | CERTIFICATE of Service/Counsel *for Supplemental Rule 26 Disclosures* by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 08/27/2019) |
| 08/29/2019 | 85 | | CERTIFICATE of Service/Counsel *for Supplemental Rule 26 Disclosures* by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 08/29/2019) |
| 08/30/2019 | 86 | | MOTION for Extension of Time to Complete Discovery / *Unopposed Motion to Extend Deadline for One of Plaintiff's Expert Disclosures* by Plaintiff William Kent Dean. Responses due by 9/13/2019 (Martin, Craig) (Entered: 08/30/2019) |
| 09/06/2019 | 87 | | MOTION for Leave to File *Answer to Third Amended Complaint* by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 9/20/2019 (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit)(Rupcich, Joseph) (Entered: 09/06/2019) |
| 09/06/2019 | 88 | | CERTIFICATE of Service/Counsel *for Supplemental Rule 26 Disclosures, Request to Produce and Interrogatories* by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 09/06/2019) |
| 09/10/2019 | | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle−Haskins. Unopposed Motion to Extend Deadline for One of Plaintiff's Expert Disclosures <u>86</u> ALLOWED. Plaintiff's request to disclose the expert report of his retained oncologist on or before 9/6/2019 is granted. (LB, ilcd) (Entered: 09/10/2019) |
| 09/12/2019 | 89 | | RESPONSE to Motion re <u>87</u> MOTION for Leave to File *Answer to Third Amended Complaint / Plaintiff William Dean's Statement of Non−Objection to Wexford Defendants' Motion to File Answer Instanter and Opposition to Motion to Dismiss* filed by Plaintiff William Kent Dean. (Martin, Craig) (Entered: 09/12/2019) |
| 09/13/2019 | | | TEXT ORDER entered by Judge Sue E. Myerscough on 9/13/2019. The unopposed motion by Defendants Dean, et al., to file their answer and motion to dismiss count VI regarding the third amended complaint is granted. <u>87</u> . As the Court already ruled on 11/16/18, Plaintiff's federal respondeat superior claim is not viable under current controlling precedent. Defendant Wexford's |

| | | | |
|---|---|---|---|
| | | | motion to dismiss Count VI is granted to the extent Plaintiff pursues a federal respondeat superior claim against Wexford. This order does not address Plaintiff's respondeat superior liability claim based on state law. The clerk is directed to separately docket the answer, the motion to dismiss, and the memorandum. The clerk is further directed to grant the motion to dismiss. (KE, ilcd) (Entered: 09/13/2019) |
| 09/13/2019 | 90 | | ANSWER to 72 Amended Complaint by Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source.(KE, ilcd) (Entered: 09/13/2019) |
| 09/13/2019 | 91 | | MOTION to Dismiss Count VI by Defendant Wexford Health Source. Responses due by 9/27/2019 (KE, ilcd) (Entered: 09/13/2019) |
| 09/13/2019 | 92 | | MEMORANDUM in Support re 91 MOTION to Dismiss filed by Defendant Wexford Health Source. (KE, ilcd) (Entered: 09/13/2019) |
| 09/13/2019 | | | TEXT ORDER granting 91 Motion to Dismiss Count VI entered by Judge Sue E. Myerscough on 9/13/2019. (KE, ilcd) (Entered: 09/13/2019) |
| 09/20/2019 | 93 | | NOTICE to Take Deposition of Dr. Nivedita Dhar on 9/23/2019 (Rupcich, Joseph) (Entered: 09/20/2019) |
| 09/25/2019 | 94 | | NOTICE to Take Deposition of Dr. Bruce Barnett on 09/26/2019 (Rupcich, Joseph) (Entered: 09/25/2019) |
| 09/27/2019 | 95 | | NOTICE to Take Deposition of Dr. Adam Metwalli on 09/30/2019 (Rupcich, Joseph) (Entered: 09/27/2019) |
| 09/30/2019 | 96 | | NOTICE of Appearance of Attorney by Clayton J Ankney on behalf of Lisa Mincy (Ankney, Clayton) (Entered: 09/30/2019) |
| 09/30/2019 | 97 | | MOTION for Extension of Time to File *Expert Witness Disclosures* by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 10/15/2019 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Rupcich, Joseph) (Entered: 09/30/2019) |
| 10/02/2019 | 98 | | MEMORANDUM in Opposition re 97 MOTION for Extension of Time to File *Expert Witness Disclosures* filed by Plaintiff William Kent Dean. (Martin, Craig) (Entered: 10/02/2019) |
| 10/03/2019 | | | TEXT ORDER entered by Judge Sue E. Myerscough on 10/3/2019. Defendants' motion to extend their expert disclosure deadline to October 30, 2019 is denied. 97 . These deadlines have been set since July 2019, and the Court already denied Defendants' motion to reconsider the deadlines. Plaintiff's condition is arguably precarious enough to put this case on tight deadlines. The Court itself is on a tight deadline to rule on summary judgment motions before the trial in December. Defendants have known for nearly a month the identity of Plaintiff's expert and the general positions of those experts. Additionally, Defendants chose the latest deposition dates for Dr. Barnett and Dr. Metwalli offered by Plaintiff's counsel, according to Plaintiff's counsel. Defendants' expert disclosure deadline is extended to October 8, 2019. The deadlines for deposing Defendants' experts is extended to October 18, 2019. All other deadlines remain as scheduled. (KE, ilcd) (Entered: 10/03/2019) |
| 10/09/2019 | 99 | | CERTIFICATE of Service/Counsel *for Expert Witness Disclosures* by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, |

| | | | |
|---|---|---|---|
| | | | Wexford Health Source (Rupcich, Joseph) (Entered: 10/09/2019) |
| 10/25/2019 | 100 | | MOTION for Summary Judgment by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 11/15/2019 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit E, # 7 Exhibit E, # 8 Exhibit E, # 9 Exhibit E, # 10 Exhibit E, # 11 Exhibit E, # 12 Exhibit E, # 13 Exhibit F, # 14 Exhibit G, # 15 Exhibit H, # 16 Exhibit H, # 17 Exhibit I, # 18 Exhibit J, # 19 Exhibit K, # 20 Exhibit L, # 21 Exhibit M, # 22 Exhibit N)(Rupcich, Joseph) (Entered: 10/25/2019) |
| 10/25/2019 | 101 | | MOTION for Summary Judgment *with Memorandum of Law* by Defendant Lisa Mincy. Responses due by 11/15/2019 (Attachments: # 1 Exhibit 1 − Deposition of Plaintiff, # 2 Exhibit 2 − Deposition of Lisa Mincy, # 3 Exhibit 3 − Deposition of Dr. Severino)(Tyrrell, Jeremy) (Entered: 10/25/2019) |
| 10/29/2019 | 102 | | CERTIFICATE of Service/Counsel *for Response to Plaintiff's Second Request to Produce* by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 10/29/2019) |
| 10/30/2019 | 103 | | CERTIFICATE of Service/Counsel *Second Supplemental Response to Plaintiff's Request to Produce* by Joseph N Rupcich on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rupcich, Joseph) (Entered: 10/30/2019) |
| 11/01/2019 | 104 | | ORDER entered by Judge Sue E. Myerscough on 11/1/2019. Plaintiff's counsel phoned the Court's law clerk to inquire whether Plaintiff's counsel may appear by video for the final pretrial conference. At the final pretrial, Plaintiff will appear by video, and Plaintiff's counsel may also appear by video. Defense counsel will appear in person. If Plaintiff's counsel will appear at the final pretrial conference by video, Plaintiff's counsel is directed to contact the Court's deputy (217−492−4000) by November 22, 2019 to make video arrangements. The Court will send out proposed jury instructions for discussion at the final pretrial conference. A Proposed Pretrial Order is due by 11/20/2019. Written objections to pretrial submissions are due by November 25, 2019. Exhibits must be marked and exchanged with opposing counsel by November 18, 2019. By November 25, 2019, the parties shall provide marked copies of their exhibits to the Court. The parties shall, if they have not previously done so, advise the Court in writing three days prior to the final pretrial conference, whether they will consent to the Magistrate Judge conducting jury impanelment. The Magistrate Judge will use this Court's standard voir dire along with any additional proposed questions this Court allows. The clerk is directed to issue a video writ for Plaintiff's appearance at the final pretrial conference. The clerk is directed to issue a writ for Plaintiff's personal appearance at the jury selection and trial. See written order. (KE, ilcd) (Entered: 11/01/2019) |
| 11/01/2019 | 105 | | VIDEO WRIT issued for William Kent Dean for a Final Pretrial Conference on 12/2/2019 at 10:00 AM before Judge Myerscough. (KE, ilcd) (Entered: 11/01/2019) |
| 11/04/2019 | 106 | | PERSONAL APPEARANCE WRIT issued for William Kent Dean for Jury Selection on 12/9/2019 at 1:30 PM before Judge Schanzle−Haskins. (KE, ilcd) |

| | | | |
|---|---|---|---|
| | | | (Entered: 11/04/2019) |
| 11/05/2019 | 107 | | AMENDED PERSONAL APPEARANCE WRIT issued for Plaintiff William Kent Dean for Jury Selection before Magistrate Judge Tom Schanzle–Haskins on 12/9/2019 at 1:30 PM, Courtroom 3, Springfield, IL. (DM, ilcd) (Entered: 11/05/2019) |
| 11/05/2019 | 108 | | PERSONAL APPEARANCE WRIT issued for Plaintiff's appearance at the Jury Trial set before U.S. District Judge Sue E. Myerscough commencing on 12/10/2019 at 9:00 AM. (DM, ilcd) (Entered: 11/05/2019) |
| 11/06/2019 | | | TEXT ORDER entered by Judge Sue E. Myerscough on 11/6/2019. On November 5, 2019, Plaintiff's counsel phoned the law clerk on this case to ask two procedural questions: (1) may the response to the proposed facts be set forth in an index; and, (2) will the Court send out a draft of jury instructions before the parties' proposed alternates/additionals are due. The law clerk answered yes to both questions, which is correct. (KE, ilcd) (Entered: 11/06/2019) |
| 11/08/2019 | 109 | | TEXT ORDER entered by Judge Sue E. Myerscough on 11/8/2019. With this text order, the Court sends its first draft of proposed jury instructions. (SAG, ilcd) (Entered: 11/08/2019) |
| 11/08/2019 | 110 | | MOTION for Leave to File Document Under Seal , MOTION for Leave to File Excess Pages by Plaintiff William Kent Dean. Responses due by 11/22/2019 (Martin, Craig) (Entered: 11/08/2019) |
| 11/08/2019 | | | TEXT ORDER: Plaintiff's counsel phoned the Court's law clerk to alert the Court of Plaintiff's motion for leave to file excess pages and file documents under seal. The motion is granted. 110 . However, documents filed under seal are accessible through ECF only by the Court, not by the parties. Plaintiff shall, therefore, email a copy of the documents filed under seal to opposing counsel contemporaneously with the filing of the sealed documents. Entered by Judge Sue E. Myerscough on 11/8/2019. (SG, ilcd) (Entered: 11/08/2019) |
| 11/08/2019 | 111 | | +++ SEALED DOCUMENT.. (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50)(Martin, Craig) (Entered: 11/08/2019) |
| 11/13/2019 | 112 | | MOTION for Leave for Witness Adam Metwalli, M.D., to Appear and Testify by Videoconference at Trial by Plaintiff William Kent Dean. Responses due by 11/27/2019 (Martin, Craig) (Entered: 11/13/2019) |
| 11/15/2019 | 113 | | MOTION for Extension of Time to File Response/Reply as to 111 Sealed Document,,,, by Defendants Rebecca Einwohner, Kathy Galvin, Abdur |

| | | | |
|---|---|---|---|
| | | | Nawoor, Wexford Health Source. Responses due by 11/29/2019 (Rupcich, Joseph) (Entered: 11/15/2019) |
| 11/15/2019 | | | TEXT ORDER granting 113 Motion for Extension of Time to File Reply. Entered by Judge Sue E. Myerscough on 11/15/2019. (SG, ilcd) (Entered: 11/15/2019) |
| 11/15/2019 | 114 | | MOTION for Extension of Time to File *Redacted Summary Judgment Papers on the Public Docket* by Plaintiff William Kent Dean. Responses due by 11/29/2019 (Martin, Craig) (Entered: 11/15/2019) |
| 11/15/2019 | 115 | | MOTION for Extension of Time to File Response/Reply as to 111 Sealed Document,,,, by Defendant Lisa Mincy. Responses due by 11/29/2019 (Tyrrell, Jeremy) (Entered: 11/15/2019) |
| 11/18/2019 | | | TEXT ORDER entered by Judge Sue E. Myerscough on 11/18/2019. Plaintiff's unopposed motion for an extension to file a redacted copy of Plaintiff's response to the summary judgment motion is granted. 114 . Defendant Mincy's motion to extend her reply deadline to November 18, 2019 is granted. 115 . (KE, ilcd) (Entered: 11/18/2019) |
| 11/18/2019 | 116 | | REPLY to Response to Motion re 100 MOTION for Summary Judgment filed by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Rupcich, Joseph) (Entered: 11/18/2019) |
| 11/18/2019 | 117 | | MEMORANDUM in Opposition re 101 MOTION for Summary Judgment *with Memorandum of Law*, 100 MOTION for Summary Judgment − *Plaintiff's Response Memorandum in Opposition to Defendants' Motions for Summary Judgment* filed by Plaintiff William Kent Dean. (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50)(Martin, Craig) (Entered: 11/18/2019) |
| 11/18/2019 | 118 | | MOTION to Strike *Plaintiff's Expert Reports and Disqualify Drs. as Experts* by Defendant Lisa Mincy. Responses due by 12/2/2019 (Tyrrell, Jeremy) (Entered: 11/18/2019) |
| 11/18/2019 | 119 | | MOTION for Leave to File Document Under Seal *Reply to Plaintiff's Response (Doc. 111)* by Defendant Lisa Mincy. Responses due by 12/2/2019 (Tyrrell, Jeremy) (Entered: 11/18/2019) |
| 11/18/2019 | 120 | | +++ **SEALED DOCUMENT.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Tyrrell, Jeremy) (Entered: 11/18/2019)** |
| 11/19/2019 | 121 | | REPLY to Response to Motion re 101 MOTION for Summary Judgment *with Memorandum of Law (Public − Redacted)* filed by Defendant Lisa Mincy. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Tyrrell, Jeremy) (Entered: 11/19/2019) |
| 11/19/2019 | | TEXT ORDER entered by Magistrate Judge Tom Schanzle−Haskins on 11/19/2019. The motion for leave to file reply under seal is granted. 119 . (KE, ilcd) (Entered: 11/19/2019) |
| 11/19/2019 | 122 | MOTION Bar Opinion Testimony by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 12/3/2019 (Rupcich, Joseph) (Entered: 11/19/2019) |
| 11/19/2019 | 123 | MEMORANDUM in Support re 122 MOTION Bar Opinion Testimony filed by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. (Rupcich, Joseph) (Entered: 11/19/2019) |
| 11/20/2019 | 124 | MOTION in Limine by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 12/4/2019 (Rupcich, Joseph) (Entered: 11/20/2019) |
| 11/20/2019 | 125 | Proposed Pretrial Order by William Kent Dean. (Attachments: # 1 Exhibit A − Stipulation of Uncontested Facts and Issues of Law, # 2 Exhibit B − Plaintiff's Witness List, # 3 Exhibit C − Wexford's Witness List, # 4 Exhibit D − Mincy's Witness List, # 5 Exhibit E − Plaintiff's Exhibit List, # 6 Exhibit F − Wexford's Exhibit List, # 7 Exhibit G − Mincy's Exhibit List, # 8 Exhibit H − Plaintiff's Proposed Uncontested Facts)(Martin, Craig) (Entered: 11/20/2019) |
| 11/20/2019 | 126 | Proposed Jury Instructions by William Kent Dean. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Martin, Craig) (Entered: 11/20/2019) |
| 11/20/2019 | 127 | MOTION in Limine *to Exclude Argument or Evidence About Unrelated Medical Conditions* by Plaintiff William Kent Dean. Responses due by 12/4/2019 (Martin, Craig) (Entered: 11/20/2019) |
| 11/20/2019 | 128 | MOTION in Limine *to Exclude Argument or Evidence that Plaintiff's Medical Care is a Burden on Taxpayers or the Public* by Plaintiff William Kent Dean. Responses due by 12/4/2019 (Martin, Craig) (Entered: 11/20/2019) |
| 11/20/2019 | 129 | MOTION in Limine *to Exclude Defendant Lisa Mincy From Eliciting Expert Testimony* by Plaintiff William Kent Dean. Responses due by 12/4/2019 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Martin, Craig) (Entered: 11/20/2019) |
| 11/20/2019 | 130 | MOTION in Limine *to Exclude and Limit the Use of His Prior Criminal Convictions* by Plaintiff William Kent Dean. Responses due by 12/4/2019 (Attachments: # 1 Exhibit A)(Martin, Craig) (Entered: 11/20/2019) |
| 11/20/2019 | 131 | Proposed Jury Instructions by Lisa Mincy. (Tyrrell, Jeremy) (Entered: 11/20/2019) |
| 11/20/2019 | 132 | MOTION in Limine by Defendant Lisa Mincy. Responses due by 12/4/2019 (Tyrrell, Jeremy) (Entered: 11/20/2019) |
| 11/20/2019 | 133 | Proposed Voir Dire by William Kent Dean. (Martin, Craig) (Entered: 11/20/2019) |
| 11/21/2019 | 134 | Proposed Jury Instructions by Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. (Rupcich, Joseph) (Entered: 11/21/2019) |

| | | | |
|---|---|---|---|
| 11/22/2019 | 135 | | MOTION for Extension of Time to File Response/Reply as to 118 MOTION to Strike *Plaintiff's Expert Reports and Disqualify Drs. as Experts*, 122 MOTION Bar Opinion Testimony / *Plaintiff's Unopposed Motion To Set Briefing Schedule Or, In The Alternative, For Extension Of Time* by Plaintiff William Kent Dean. Responses due by 12/6/2019 (Martin, Craig) (Entered: 11/22/2019) |
| 11/22/2019 | 136 | | Proposed Voir Dire by Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. (Rupcich, Joseph) (Entered: 11/22/2019) |
| 11/22/2019 | 137 | | MOTION for Leave to File *Motion in Limine* by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 12/6/2019 (Attachments: # 1 Exhibit A)(Rupcich, Joseph) (Entered: 11/22/2019) |
| 11/22/2019 | 138 | | ORDER denying Motions for Summary Judgment. Entered by Judge Sue E. Myerscough on 11/22/2019. (SG, ilcd) (Entered: 11/22/2019) |
| 11/22/2019 | 139 | | NOTICE − *Plaintiff's Responses to the Court's November 1, 2019 Order* re 104 Order,,,,,,, Set/Reset Deadlines:,,,,,, (Martin, Craig) (Entered: 11/22/2019) |
| 11/22/2019 | | | Minute Entry for proceedings held before Judge Sue E. Myerscough: TELEPHONIC STATUS CONFERENCE held on 11/22/2019. Attorneys Joel Pelz and William Strom present on behalf of Plaintiff. Attorney Joseph Rupcich present on behalf of Defendants Wexford, Nawoor, Einwohner and Galvin. AAGs Jeremy Tyrrell and Clayton Ankney present on behalf of Defendant Mincy. Discussion held regarding possibility of scheduling upcoming jury trial for additional days. Court will extend jury trial if necessary. By agreement of counsel, Jury Selection will commence at 9:00 AM on December 9, 2019 before Magistrate Judge Tom Schanzle−Haskins, Courtroom 3, Springfield. Thereafter, counsel to proceed into Jury Trial with opening arguments at 1:30 PM on December 9, 2019 before Judge Sue E. Myerscough, Courtroom 1, Springfield. Parties to file written consents to Magistrate Judge conducting jury selection. Hearing adjourned. (Tape #SP−1: 4:45 PM.) (DM, ilcd) Typo spelling of Tyrell to Tyrrell── Modified on 11/23/2019 (DM, ilcd). (Entered: 11/23/2019) |
| 11/25/2019 | 140 | | PERSONAL APPEARANCE WRIT issued for William Kent Dean on 12/9/2019 at 9:00 AM for Jury Selection before Judge Schanzle−Haskins with the Jury Trial starting on 12/9/2019 at 1:30 PM before Judge Myerscough. (KE, ilcd) (Entered: 11/25/2019) |
| 11/25/2019 | | | TEXT ORDER:Plaintiff's unopposed motion to set his deadline for responding to the Daubert motions is granted. 135 . Plaintiff's response to motions 118 and 122 is due November 27, 2019.Entered by Judge Sue E. Myerscough on 11/25/2019. (SG, ilcd) (Entered: 11/25/2019) |
| 11/25/2019 | 141 | | NOTICE of Appearance of Attorney by Alexandra Newton Rice on behalf of Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source (Rice, Alexandra) (Entered: 11/25/2019) |
| 11/25/2019 | 142 | | RESPONSE to Motion re 128 MOTION in Limine *to Exclude Argument or Evidence that Plaintiff's Medical Care is a Burden on Taxpayers or the Public*, 127 MOTION in Limine *to Exclude Argument or Evidence About Unrelated Medical Conditions*, 130 MOTION in Limine *to Exclude and Limit the Use of His Prior Criminal Convictions*, 129 MOTION in Limine *to Exclude* |

| | | |
|---|---|---|
| | | *Defendant Lisa Mincy From Eliciting Expert Testimony* filed by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. (Rice, Alexandra) (Entered: 11/25/2019) |
| 11/25/2019 | 143 | MEMORANDUM in Opposition re 124 MOTION in Limine , 132 MOTION in Limine filed by Plaintiff William Kent Dean. (Martin, Craig) (Entered: 11/25/2019) |
| 11/25/2019 | 144 | OBJECTION / *Plaintiff's Objections to Defendants' Trial Exhibits* by William Kent Dean. (Martin, Craig) (Entered: 11/25/2019) |
| 11/25/2019 | 145 | RESPONSE to Motion re 118 MOTION to Strike *Plaintiff's Expert Reports and Disqualify Drs. as Experts* filed by Plaintiff William Kent Dean. (Martin, Craig) (Entered: 11/25/2019) |
| 11/25/2019 | 146 | RESPONSE to Motion re 122 MOTION Bar Opinion Testimony filed by Plaintiff William Kent Dean. (Martin, Craig) (Entered: 11/25/2019) |
| 11/25/2019 | 147 | MEMORANDUM *in Response to Defendants' Proposed Jury Instructions* re 131 Proposed Jury Instructions, 134 Proposed Jury Instructions by William Kent Dean. (Martin, Craig) (Entered: 11/25/2019) |
| 11/25/2019 | 148 | RESPONSE to Motion re 128 MOTION in Limine *to Exclude Argument or Evidence that Plaintiff's Medical Care is a Burden on Taxpayers or the Public*, 127 MOTION in Limine *to Exclude Argument or Evidence About Unrelated Medical Conditions*, 130 MOTION in Limine *to Exclude and Limit the Use of His Prior Criminal Convictions*, 129 MOTION in Limine *to Exclude Defendant Lisa Mincy From Eliciting Expert Testimony* filed by Defendant Lisa Mincy. (Tyrrell, Jeremy) (Entered: 11/25/2019) |
| 11/27/2019 | 149 | NOTICE *to Court of Consent to Magistrate* (Rupcich, Joseph) (Entered: 11/27/2019) |
| 11/27/2019 | 150 | NOTICE *of Consent Concerning Jury Selection* (Ankney, Clayton) (Entered: 11/27/2019) |
| 12/02/2019 | 151 | Proposed Jury Instructions by Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. (Rupcich, Joseph) (Entered: 12/02/2019) |
| 12/02/2019 | | Minute Entry for proceedings held before Judge Sue E. Myerscough: FINAL PRETRIAL CONFERENCE held on 12/2/2019. Attorneys Craig Martin, Joel Pelz and William Strom present in person on behalf of Plaintiff. Attorneys Chloe Holt and Nathaniel Wackman present via video on behalf of Plaintiff. Plaintiff present via video from Taylorville CC. Attorney Joseph Rupcich present in person on behalf of Defendants Wexford, Nawoor, Einwohner and Galvin. AAGs Jeremy Tyrrell and Clayton Ankney present in person on behalf of Defendant Mincy. Without objection, Plaintiff's expert witness Dr. Metwalli allowed to testify via video. Physical trial exhibits given to Court addressed. Proposed Final Pretrial accepted by Court. Issue of presentation of Stipulations addressed and positions stated. Motions in Limine addressed and rulings rendered. No objection by Plaintiff's counsel as to Jury asking questions. Objections by defense counsel as to Jury asking questions. Court reserved ruling. Jury Instruction Conference held. Court adjourned and will reconvene at 1:00 PM. Court reconvened. Plaintiff's counsel waived video appearance of Plaintiff. Attorneys Holt and Wackmann appearance via phone. Further Jury |

| | | |
|---|---|---|
| | | Instruction Conference held. Additional Voir Dire discussed and rulings rendered. Over objection, Plaintiff's counsel is allowed to depose Dr. Guaglianone and possibly utilize transcript in lieu of personal appearance testimony at trial. Court will reserve ruling and review transcript if necessary. Scheduling of jury trial discussed. Medical and transport/housing of Plaintiff during trial discussed. Courtroom Deputy to consult with Taylorville CC regarding same. Hearing adjourned.(Court Reporter KS.) (DM, ilcd) (Entered: 12/03/2019) |
| 12/06/2019 | 152 | ORDER entered by Judge Sue E. Myerscough on 12/6/2019. The motion for Dr. Metwalli to appear by video for the trial is granted. 112 . The motions to bar Plaintiff's experts are denied. 118 , 122 . The Wexford Defendants' motion in limine 124 is deniedas to evidence of diminished life expectancy. The motion isotherwise denied with leave to renew at trial as to the introductionof written expert reports, medical literature, lay medical testimony,other lawsuits/discipline, and insurance/indemnity. Plaintiff's motion to exclude argument/evidence aboutunrelated medical conditions is denied. 127 . Plaintiff's motion to exclude argument/evidence of taxpayer burden is granted. 128 . Plaintiff's motion to bar Defendant Mincy from eliciting expert testimony is moot. 129 . Plaintiff's motion to exclude/limit the use of Plaintiff's convictions is granted in part and denied in part. 130 . The title of the conviction for which Plaintiff is currently serving time may be offered, including the amount of cocaine. The Wexford Defendants' motion for leave to file a seventh motion in limine is granted. 137 . Any responses to that motion in limine are due December 6, 2019. Defendant Mincy's motion in limine is granted as to golden rule appeals. 132 . The jury will not be permitted to ask questions, given Defendants' objection. At the final pretrial conference, Plaintiff was given leave to take the deposition of Dr. Guaglianone. The Court reserves ruling on Plaintiff's request to admit Dr. Guaglianone's deposition inlieu of his live testimony. The Court also reserves ruling ondisputes over whether Dr. Guaglianone's testimony is untimely,and, therefore, inadmissible expert testimony. Revised versions of Defendants' proposed voir dire 9−12 are due December 6, 2019. The clerk is directed to docket the proposed final pretrial order as the final pretrial order with the Courts signature. See written order.(KE, ilcd) (Entered: 12/06/2019) |
| 12/06/2019 | 153 | PRETRIAL ORDER entered by Judge Sue E. Myerscough on 12/6/2019. See written order. (Attachments: # 1 Exh A, # 2 Exh B, # 3 Exh C, # 4 Exh D, # 5 Exh E, # 6 Exh F, # 7 Exh G, # 8 Exh H)(KE, ilcd) (Entered: 12/06/2019) |
| 12/06/2019 | 154 | TEXT ORDER: With this text order, the Court files the second draft of jury instructions, revised based on the rulings from the final pretrial conference. These rulings are not final and may be revised depending on what happens during the trial. Entered by Judge Sue E. Myerscough on 12/6/2019. (SG, ilcd) (Entered: 12/06/2019) |
| 12/06/2019 | 155 | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/2/2019, before Judge Sue E. Myerscough. Court Reporter/Transcriber K. Sullivan, Telephone number 217−492−4810. Transcript purchased by: William Strom.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21** |

| | | |
|---|---|---|
| | | **days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice or Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/27/2019. Redacted Transcript Deadline set for 1/6/2020. Release of Transcript Restriction set for 3/5/2020. (MJC, ilcd) (Entered: 12/06/2019) |
| 12/06/2019 | 156 | MOTION to Permit Non−Lawyers on Plaintiff's Trial Team to Possess and Use Electronic Devices *(Unopposed)* by Plaintiff William Kent Dean. Responses due by 12/20/2019 (Attachments: # 1 Exhibit A)(Martin, Craig) (Entered: 12/06/2019) |
| 12/06/2019 | 157 | Response by William Kent Dean re 136 Proposed Voir Dire / *Plaintiff's Proposed Revisions and Supplements to Wexford Defendants' Proposed Voir Dire Questions 9−12.* (Martin, Craig) (Entered: 12/06/2019) |
| 12/06/2019 | 158 | MOTION for Leave to File Document Under Seal by Plaintiff William Kent Dean. Responses due by 12/20/2019 (Martin, Craig) (Entered: 12/06/2019) |
| 12/06/2019 | 159 | **+++ SEALED DOCUMENT.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Martin, Craig) (Entered: 12/06/2019)** |
| 12/08/2019 | | TEXT ORDER granting 156 motion to permit electronics. Entered by Judge Sue E. Myerscough on 12/8/2019. (SG, ilcd) (Entered: 12/08/2019) |
| 12/08/2019 | | TEX ORDER granting 158 Motion for Leave to File Document Under Seal. Entered by Judge Sue E. Myerscough on 12/8/2019. (SG, ilcd) (Entered: 12/08/2019) |
| 12/09/2019 | 160 | MOTION for Order / *Plaintiff's Motion to Preclude Certain Testimony and to Make Court Findings And/Or Instruct The Jury on Adverse Inference* by Plaintiff William Kent Dean. Responses due by 12/23/2019 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Martin, Craig) (Entered: 12/09/2019) |
| 12/09/2019 | | Minute Entry for proceedings held before Judge Sue E. Myerscough: JURY TRIAL began on 12/9/2019. Plaintiff William Kent Dean present with counsel of record, Craig Martin, William Strom, Joel Pelz, Nathaniel Wackman, and Chloe Holt. Defendants Wexford Health SourceNawoor, Einwohner and Galvin present with counsel of record, Joseph Rupcich and Alexandra Rice. |

| | | | |
|---|---|---|---|
| | | | Defendant Mincy present with counsel of record, AAGs Jeremy Tyrrell and Clayton Ankney. Jury issue addressed. By agreement of parties, Juror #39 called to courtroom and questioned. Discussion held outside the presence of the jury and juror. Juror recalled to Court and matter resolved. Deposition designation addressed and objections overruled. Pending motions addressed and ruling reserved. Motion to exclude witnesses in courtroom by defense counsel. Opposition by Plaintiff's counsel. Motion granted. Jury called to courtroom. Jury instructed as to note taking. Opening statements given. Stipulations read of record by Court. Plaintiff's case in chief began. Plaintiff called, sworn and questioned. Evidence displayed and admitted. Jurors excused for day. Trial adjourned for day to reconvene at 9:00 AM on December 10, 2019 as to jurors; parties/counsel to be present at 8:50 AM. (Court Reporter KS.) (DM, ilcd) (Entered: 12/09/2019) |
| 12/09/2019 | 161 | | IDOC WRIT issued for Plaintiff's personal appearance from 12/9/2019 to 12/18/2019. (DM, ilcd) (Entered: 12/09/2019) |
| 12/09/2019 | 162 | | +++ SEALED DOCUMENT − ORIGINAL DOCUMENT—IDOC WRIT−− UNREDACTED (DM, ilcd) (Entered: 12/09/2019) |
| 12/09/2019 | 163 | | REPLY to Response to Motion re 137 MOTION for Leave to File *Motion in Limine* filed by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. (Rupcich, Joseph) (Entered: 12/09/2019) |
| 12/09/2019 | | | Minute Entry for proceedings held before Magistrate Judge Tom Schanzle−Haskins: Jury Selection held on 12/9/2019. Plaintiff William Kent Dean present in person with counsel of record, Craig Martin, William Strom, Joel Pelz, Nathaniel Wackman, and Chloe Holt. Defendants Dr. Nawoor, Dr. Einwohner and Kathy Galvin present in person with counsel of record, Joseph Rupcich and Alexandra Rice. Defendant Lisa Mincy present in person with counsel of record, Jeremy Tyrrell and Clayton Ankney. Discussion held regarding voir dire questions and procedures. Statement of the case read. Prospective jurors sworn, called, and questioned. Peremptory challenges taken. Jury of 8 sworn and admonished. (Court Reporter KS) (MJC, ilcd) (Entered: 12/10/2019) |
| 12/10/2019 | 164 | | Proposed Jury Instructions by William Kent Dean. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Martin, Craig) (Entered: 12/10/2019) |
| 12/10/2019 | | | Minute Entry for proceedings held before Judge Sue E. Myerscough: JURY TRIAL continued on 12/10/2019. Plaintiff William Kent Dean present with counsel of record, Craig Martin, William Strom, Joel Pelz, and Nathaniel Wackman. Defendants Wexford Health SourceNawoor, Einwohner and Galvin present with counsel of record, Joseph Rupcich and Alexandra Rice. Defendant Mincy present with counsel of record, AAGs Jeremy Tyrrell and Clayton Ankney. Argument in response by Plaintiff's counsel as to Defendant's Reply 163 . Ruling reserved. Proposed jury instructions to be tendered to Court by end of day. Issue regarding Plaintiff's standing during court addressed with jury to be advised as to same. Without objection and with request of counsel, Court extended to 5:00 PM to allow for live testimony of video witness. Jury called to courtroom. Plaintiff's case in chief continued. Plaintiff previously sworn with continued testimony given. Evidence displayed and admitted. Jury issue addressed. Explanation by Court to as to absences of counsel within Plaintiff's team of counselors. For time constraints and with acceptance of defense |

| | | | |
|---|---|---|---|
| | | | counsel, new witness called prior to cross and redirect of Plaintiff. Jury advised of same. Additional witness called, sworn and questioned. Cross and redirect of Plaintiff. Video witness connected, sworn and questioned. Evidence displayed and admitted. Trial adjourned for day to reconvene at 9:00 AM on December 11, 2019. (Court Reporter KS.) (DM, ilcd) (Entered: 12/10/2019) |
| 12/11/2019 | 165 | | Court's Proposed Jury Instruction #38. (DM, ilcd) (Entered: 12/11/2019) |
| 12/11/2019 | 166 | | Jury Instruction read to jury. (DM, ilcd) (Entered: 12/11/2019) |
| 12/11/2019 | | | Minute Entry for proceedings held before Judge Sue E. Myerscough: JURY TRIAL continued on 12/11/2019. Plaintiff William Kent Dean present with counsel of record, Craig Martin, William Strom, Joel Pelz, Nathaniel Wackman and Chloe Holt. Defendants Wexford Health SourceNawoor, Einwohner and Galvin present with counsel of record, Joseph Rupcich and Alexandra Rice. Defendant Mincy present with counsel of record, AAGs Jeremy Tyrrell and Clayton Ankney. Redaction of Plaintiff's Exhibit 4 addressed. Redacted Exhibit accepted by parties and Court. Additional jury instructions tendered to parties and discussed. Jury issue discussed. Juror #74 called to Court and questioned. Issue resolved. Jury called to Court and instructed. Plaintiff's case in chief continued. Witnesses called, sworn and questioned. Evidence displayed and admitted. Trial adjourned for day to reconvene at 9:00 AM on December 12, 2019. (Court Reporter KS.) (DM, ilcd) (Entered: 12/11/2019) |
| 12/12/2019 | 167 | | IDOC WRIT issued for Plaintiff's appearance in jury trial up to and including 12/18/2019. (DM, ilcd) (Entered: 12/12/2019) |
| 12/12/2019 | 168 | | +++ SEALED DOCUMENT − ORIGINAL DOCUMENT—–IDOC WRIT—– UNREDACTED (DM, ilcd) (Entered: 12/12/2019) |
| 12/12/2019 | | | Minute Entry for proceedings held before Judge Sue E. Myerscough: JURY TRIAL continued on 12/12/2019. Plaintiff William Kent Dean present with counsel of record, Craig Martin, William Strom, Joel Pelz, Nathaniel Wackman and Chloe Holt. Defendants Wexford Health SourceNawoor, Einwohner and Galvin present with counsel of record, Joseph Rupcich and Alexandra Rice. Defendant Mincy present with counsel of record, AAGs Jeremy Tyrrell and Clayton Ankney. Defense counsel advised, if necessary, he will recall and question Defendant Dr. Nawoor during Defendants' case in chief. Plaintiff's case in chief continued. Witnesses called, sworn and questioned. Deposition designation read into evidence. Evidence displayed and admitted. Jury allowed to leave for the day. Request by Plaintiff's counsel for ruling as to discovery issue. Defense counsel given until 12/13/2019 to respond. In camera discussion held in Chambers. Trial adjourned for day to reconvene at 9:00 AM on December 13, 2019. (Court Reporter KS.) (DM, ilcd) (Entered: 12/12/2019) |
| 12/13/2019 | 169 | | BRIEF re 160 MOTION for Order / *Plaintiff's Motion to Preclude Certain Testimony and to Make Court Findings And/Or Instruct The Jury on Adverse Inference* by William Kent Dean. (Martin, Craig) (Entered: 12/13/2019) |
| 12/13/2019 | | | TEXT ORDER entered by Judge Sue E. Myerscough on 12/13/2019. The Wexford Defendants' seventh motion in limine is granted in part and denied in part. [Exhibit A to docket entry 137]. The portions of the Shansky and Puisis expert reports identified by Plaintiff are admissible for purposes of notice. A limiting instruction will be given directing the jury that they may not consider the reports for the truth of the matters asserted in the reports. The clerk is |

| | | | |
|---|---|---|---|
| | | | directed to separately docket the Wexford Defendants' seventh motion in limine and to show that the motion is granted in part and denied in part. (KE, ilcd) (Entered: 12/13/2019) |
| 12/13/2019 | 170 | | MOTION in Limine by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. Responses due by 12/27/2019 (KE, ilcd) (Entered: 12/13/2019) |
| 12/13/2019 | | | TEXT ORDER entered by Judge Sue E. Myerscough on 12/13/2019. Motion in Limine 170 is GRANTED in part and DENIED in part pursuant to the text order entered 12/13/19. (KE, ilcd) (Entered: 12/13/2019) |
| 12/13/2019 | | | Minute Entry for proceedings held before Judge Sue E. Myerscough: JURY TRIAL continued on 12/13/2019. Plaintiff William Kent Dean present with counsel of record, Craig Martin, William Strom, Joel Pelz, Nathaniel Wackman and Chloe Holt. Defendants Wexford Health Source――Nawoor, Einwohner and Galvin present with counsel of record, Joseph Rupcich and Alexandra Rice. Defendant Mincy present with counsel of record, AAGs Jeremy Tyrrell and Clayton Ankney. Attorney Rupcich requested an extension to Monday, December 16 to file written response as to discovery issue. Discussion held regarding limiting instruction. Motion addressed regarding witness testimony. Plaintiff's case in chief continued. Witnesses called, sworn and questioned. Evidence displayed and admitted. In camera discussion held in Chambers. Arguments made regarding admission of Defendant Wexford's Exhibits 4 and 16. By agreement of parties, Defendant Mincy called to establish foundation. Discussion held regarding jury instruction, potential inclement weather for Monday, and line―up for remainder of the day. Court addressed concerns and procedure as to inclement weather with jury. Trial adjourned for day to reconvene at 9:00 AM on December 16, 2019. (Court Reporter KS.) (DM, ilcd) (Entered: 12/13/2019) |
| 12/16/2019 | 171 | | MOTION in Limine *Regarding the Testimony of Chad Christer* by Plaintiff William Kent Dean. Responses due by 12/30/2019 (Martin, Craig) (Entered: 12/16/2019) |
| 12/16/2019 | 172 | | MOTION for Order */ Plaintiff's Motion To Preclude Ipse Dixit Testimony As To Medical Standard Of Care* by Plaintiff William Kent Dean. Responses due by 12/30/2019 (Martin, Craig) (Entered: 12/16/2019) |
| 12/16/2019 | 173 | | RESPONSE to Motion re 160 MOTION for Order */ Plaintiff's Motion to Preclude Certain Testimony and to Make Court Findings And/Or Instruct The Jury on Adverse Inference* filed by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. (Attachments: # 1 Exhibit A, # 2 Exhibit A, # 3 Exhibit A)(Rupcich, Joseph) (Entered: 12/16/2019) |
| 12/16/2019 | 174 | | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/9/2019, before Judge Sue E. Myerscough. Court Reporter/Transcriber K. Sullivan, Telephone number 217−492−4810. Transcript purchased by: William Strom.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the** |

| | | |
|---|---|---|
| | | **Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/6/2020. Redacted Transcript Deadline set for 1/16/2020. Release of Transcript Restriction set for 3/15/2020. (MJC, ilcd) (Entered: 12/16/2019) |
| 12/16/2019 | 175 | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/11/2019, before Judge Sue E. Myerscough. Court Reporter/Transcriber K. Sullivan, Telephone number 217−492−4810. Transcript purchased by: William Strom.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/6/2020. Redacted Transcript Deadline set for 1/16/2020. Release of Transcript Restriction set for 3/15/2020. (MJC, ilcd) (Entered: 12/16/2019) |
| 12/16/2019 | 176 | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/12/2019, before Judge Sue E. Myerscough. Court Reporter/Transcriber K. Sullivan, Telephone number 217−492−4810. Transcript purchased by: William Strom.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21** |

**days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**

Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/6/2020. Redacted Transcript Deadline set for 1/16/2020. Release of Transcript Restriction set for 3/15/2020. (MJC, ilcd) (Entered: 12/16/2019)

| 12/16/2019 | | | TEXT ORDER: Plaintiff has requested for the Court to dismiss Defendant Mincy. The parties are in agreement. Therefore, the Plaintiff's cause of action against Defendant Mincy is hereby DISMISSED WITHOUT PREJUDICE, and Defendant Mincy is dismissed from this case. The Court retains jurisdiction over the action against Defendant Mincy to enforce this Court's Order and to enforce settlement. The other claims in this case remain pending. Entered by Judge Sue E. Myerscough on 12/16/2019. (MJC, ilcd) (Entered: 12/16/2019) |
| 12/16/2019 | | | Minute Entry for proceedings held before Judge Sue E. Myerscough: JURY TRIAL continued on 12/16/2019. Plaintiff William Kent Dean present with counsel of record, Craig Martin, William Strom, Joel Pelz, Nathaniel Wackman and Chloe Holt. Defendants Wexford Health Source−−Nawoor, Einwohner and Galvin present with counsel of record, Joseph Rupcich and Alexandra Rice. Defendant Mincy and counsel not present. Plaintiff's Motion in Limine 171 addressed and positions stated. Motion granted by agreement. Jury instructed as to the absence of Defendant Einwohner due to weather delay. Jury instruction read to jury as to Defendant Mincy. Plaintiff's case in chief continued. Video testimony of witness displayed. Evidence displayed and admitted. By agreement of parties and for timeliness, Defendant allowed to proceed with Defendants expert witnesses. Defense witnesses called, sworn and questioned. Evidence displayed. Jury instruction conference held with counsel being instructed as to expectations. Counsel to file proposed instructions of record. Final Jury Instruction Conference to take place at the beginning of tomorrow morning. Jury allowed to leave for the day. Motion to Preclude Ipse Dixit Testimony as to Medical Standard of Care 172 granted in part and denied in part. Glossary of medical terminology proposed to Court. Court to review same and give ruling tomorrow. Court adjourned for the day to reconvene at 9:00 AM on December 17, 2019. Counsel to reconvene at 8:50 AM for other matters prior to opening of Court at 9:00 AM. (Court Reporter KS.) (DM, ilcd) (Entered: 12/16/2019) |
| 12/16/2019 | 177 | | |

| | | | |
|---|---|---|---|
| | | | Jury Instruction—read to jury as to Defendant Mincy. (DM, ilcd) (Entered: 12/16/2019) |
| 12/16/2019 | 178 | | Jury Instructions—Ruled on 12−13−2019. (DM, ilcd) (Entered: 12/16/2019) |
| 12/17/2019 | 179 | | Proposed Jury Instructions by William Kent Dean. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Martin, Craig) (Entered: 12/17/2019) |
| 12/17/2019 | | | Minute Entry for proceedings held before Judge Sue E. Myerscough: JURY TRIAL concluded on 12/17/2019. Plaintiff William Kent Dean present with counsel of record, Craig Martin, William Strom, Joel Pelz, Nathaniel Wackman and Chloe Holt. Defendants Wexford Health Source—Nawoor, Einwohner and Galvin present with counsel of record, Joseph Rupcich and Alexandra Rice. Plaintiff's glossary of medical terminology requested to go to jury during deliberation allowed over objection. Jury Instruction Conference held. Defendant proceeded with witness testimony and admission of evidence. Limiting instruction given to Jury. Deposition designation read into record. With no further evidence, both Plaintiff and Defendant rested. Exhibit and Jury Conference held. At the close of evidence, oral Rule 50 Motion by Defendant. Motion denied. Jury instructed by Court, read and displayed, at 1:24 PM. Plaintiff's counsel gave closing at 2:06 PM. Defendant's counsel gave closing at 3:40 PM. Rebuttal closing given by Plaintiff's counsel at 4:19 PM. With two sworn Court Security Officers, the jury retired to deliberate at 4:33 PM. The jury inform the Court Security Officer that they had reached a verdict at 7:13 PM. At 7:28 PM, the jury returned to open court with the verdict. Verdict read of record. Jury polled. Judgment entered on verdict. Court adjourned. (Court Reporter KS.) (DM, ilcd) (Entered: 12/18/2019) |
| 12/17/2019 | 180 | | JURY VERDICT in favor of Plaintiff and against Defendants Nawoor, Einwohner and Wexford Health Sources, Inc. (DM, ilcd) (Entered: 12/18/2019) |
| 12/17/2019 | 181 | | **+++ SEALED DOCUMENT − ORIGINAL DOCUMENT—JURY VERDICT— UNREDACTED** (DM, ilcd) (Entered: 12/18/2019) |
| 12/18/2019 | 182 | | Jury Instructions—given, displayed and read to Jury before closings. (Attachments: # 1 Jury Instructions given, displayed and read to Jury)(DM, ilcd) (Entered: 12/18/2019) |
| 12/18/2019 | 184 | | Plaintiff's Exhibit List—marked by Court during jury trial. (Attachments: # 1 Part 2 Plaintiff's Exhibit LIst marked by Court, # 2 Plaintiff's Exhibit List marked by Court, # 3 Plaintiff's Exhibit List marked by Court)(DM, ilcd) (Entered: 12/18/2019) |
| 12/18/2019 | 185 | | Defendant's Exhibit List—marked by Court during jury trial. (DM, ilcd) (Entered: 12/18/2019) |
| 12/18/2019 | 186 | | Plaintiff's Glossary of Medical Terminology—given to jury during deliberation. (DM, ilcd) (Entered: 12/18/2019) |
| 12/18/2019 | 187 | | Jury Instructions—given to each juror during deliberation. (Attachments: # 1 Jury Instructions, part 2)(DM, ilcd) (Entered: 12/18/2019) |
| 12/18/2019 | 188 | | JUDGMENT in favor of Plaintiff William Kent Dean and against Defendants Wexford Health Source, Abdur Nawoor and Rebecca Einwohner. (DM, ilcd) (Entered: 12/18/2019) |

| 12/20/2019 | 189 | | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/17/2019, before Judge Sue E. Myerscough. Court Reporter/Transcriber K. Sullivan, Telephone number 217−492−4810. Transcript purchased by: Craig Martin. |
| | | | **IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.** |
| | | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/10/2020. Redacted Transcript Deadline set for 1/20/2020. Release of Transcript Restriction set for 3/19/2020. (MJC, ilcd) (Entered: 12/20/2019) |
| 12/20/2019 | 190 | | ORDER Entered by Judge Sue E. Myerscough on 12/20/2019. (SG, ilcd) (Entered: 12/20/2019) |
| 12/20/2019 | 191 | | TEXT ORDER entered by Judge Sue E. Myerscough on 12/20/2019. The clerk is directed to separately docket Plaintiff's additional proposed instructions which Plaintiff emailed to the Court's law clerk on December 17, 2019. Attached to this text order is the Court's written record of its rulings on all the jury instructions. If the Court's written record differs from the transcript, the transcript governs. (KE, ilcd) (Entered: 12/20/2019) |
| 12/20/2019 | 192 | | Additional Proposed Jury Instructions by William Kent Dean. (KE, ilcd) (Entered: 12/20/2019) |
| 12/20/2019 | 193 | | RESPONSE to Motion re 170 MOTION in Limine *(REDACTED)* filed by Plaintiff William Kent Dean. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Martin, Craig) (Entered: 12/20/2019) |
| 12/30/2019 | 194 | | MOTION for Extension of Time to File *Plaintiff's Motion For Attorneys' Fees And Costs* by Plaintiff William Kent Dean. Responses due by 1/13/2020 (Martin, Craig) (Entered: 12/30/2019) |
| 12/31/2019 | | | TEXT ORDER granting 194 Motion for Extension of Time to File. Entered by Judge Sue E. Myerscough on 12/31/2019. (SG, ilcd) (Entered: 12/31/2019) |
| 01/06/2020 | 195 | | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/09/2019 (Volume 1), before Judge Sue E. Myerscough. Court |

Reporter/Transcriber K.S., Telephone number (217)492−4810. Transcript purchased by: Joe Rupcich.

**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**

Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/27/2020. Redacted Transcript Deadline set for 2/6/2020. Release of Transcript Restriction set for 4/6/2020. (SKN, ilcd) (Entered: 01/06/2020)

| 01/06/2020 | 196 | **+++ SEALED −− TRANSCRIPT** as to Rebecca Einwohner, Kathy Galvin, Lisa Mincy, Wexford Health Source, Abdur Nawoor, Unknown Health Care Employees before Judge Sue E. Myerscough. Court Reporter: K.S. (SKN, ilcd) (Entered: 01/06/2020) |
|---|---|---|
| 01/06/2020 | 197 | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/10/2019 (Volume 2), before Judge Sue E. Myerscough. Court Reporter/Transcriber K.S., Telephone number (217) 492−4810. Transcript purchased by:J oe Rupcich. **IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.** Transcript may be viewed at the court public terminal or purchased through the |

| | | | |
|---|---|---|---|
| | | | Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/27/2020. Redacted Transcript Deadline set for 2/6/2020. Release of Transcript Restriction set to 4/6/2020. (SKN, ilcd) (Entered: 01/06/2020) |
| 01/06/2020 | 198 | | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/11/2019 (Volume 3), before Judge Sue E. Myerscough. Court Reporter/Transcriber K.S., Telephone number (217) 492−4810. Transcript purchased by:Joe Rupcich.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/27/2020. Redacted Transcript Deadline set for 2/6/2020. Release of Transcript Restriction set to 4/6/2020. (SKN, ilcd) (Entered: 01/06/2020) |
| 01/06/2020 | 199 | | **+++ SEALED −− TRANSCRIPT** as to Rebecca Einwohner, Kathy Galvin, Lisa Mincy, Wexford Health Source, Abdur Nawoor, Unknown Health Care Employees before Judge Sue E. Myerscough. Court Reporter: K.S. (SKN, ilcd) (Entered: 01/06/2020) |
| 01/06/2020 | 200 | | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/12/2019 (Volume 4), before Judge Sue E. Myerscough. Court Reporter/Transcriber K.S., Telephone number (217) 492−4810. Transcript purchased by: Joe Rupcich.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the** |

| | | | |
|---|---|---|---|
| | | | inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/27/2020. Redacted Transcript Deadline set for 2/6/2020. Release of Transcript Restriction set for 4/6/2020. (SKN, ilcd) (Entered: 01/06/2020) |
| 01/06/2020 | 201 | | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/13/2019 (Volume 5), before Judge Sue E. Myerscough. Court Reporter/Transcriber K.S., Telephone number (217) 492−4810. Transcript purchased by: Joe Rupcich.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/27/2020. Redacted Transcript Deadline set for 2/6/2020. Release of Transcript Restriction set for 4/6/2020. (SKN, ilcd) (Entered: 01/06/2020) |
| 01/06/2020 | 202 | | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/16/2019 (Volume 6), before Judge Sue E. Myerscough. Court Reporter/Transcriber K.S., Telephone number (217) 492−4810. Transcript purchased by:Joe Rupcich.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or** |

| | | | |
|---|---|---|---|
| | | | **contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/27/2020. Redacted Transcript Deadline set for 2/6/2020. Release of Transcript Restriction set for 4/6/2020. (SKN, ilcd) (Entered: 01/06/2020) |
| 01/06/2020 | 203 | | NOTICE OF FILING OFFICIAL TRANSCRIPT of Proceedings held on 12/17/2019 (Volume 7), before Judge Sue E. Myerscough. Court Reporter/Transcriber K.S., Telephone number (217) 492−4810. Transcript purchased by:Joe Rupcich.<br><br>**IMPORTANT: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Motion of Requested Redactions shall be e−filed with the Court. Access to this motion will be restricted to the Court and the attorneys of record in the case. If no such Notice and Motion are filed, the transcript may be made remotely, electronically available to the public, without redaction, 90 days from the date initially filed. Any party needing a copy of the transcript to review for redaction purposes may view the transcript at the Clerk's Office public terminal or contact the Court Reporter for purchase. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/27/2020. Redacted Transcript Deadline set for 2/6/2020. Release of Transcript Restriction set for 4/6/2020. (SKN, ilcd) (Entered: 01/06/2020) |
| 01/07/2020 | 204 | | MOTION for Payment of Expert Witness Deposition Fees by Plaintiff William Kent Dean. Responses due by 1/21/2020 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Martin, Craig) (Entered: 01/07/2020) |
| 01/09/2020 | 205 | | MOTION for Attorney Fees *and Costs* by Plaintiff William Kent Dean. Responses due by 1/23/2020 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Martin, Craig) (Entered: 01/09/2020) |
| 01/15/2020 | 206 | | MOTION for Judgment as a Matter of Law *or in the Alternative*, MOTION for New Trial *or in the Alternative Motion for Remittitur and Motion for Setoff* by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. |

| | | | |
|---|---|---|---|
| | | | Responses due by 1/29/2020 (Rupcich, Joseph) (Entered: 01/15/2020) |
| 01/15/2020 | 207 | | MEMORANDUM in Support re 206 MOTION for Judgment as a Matter of Law *or in the Alternative* MOTION for New Trial *or in the Alternative Motion for Remittitur and Motion for Setoff* filed by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rupcich, Joseph) (Entered: 01/15/2020) |
| 01/15/2020 | 208 | | MOTION to Stay re 188 Judgment by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. Responses due by 1/29/2020 (Rupcich, Joseph) (Entered: 01/15/2020) |
| 01/15/2020 | 209 | | MEMORANDUM in Support re 208 MOTION to Stay re 188 Judgment filed by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. (Attachments: # 1 Exhibit A)(Rupcich, Joseph) (Entered: 01/15/2020) |
| 01/17/2020 | 210 | | BILL OF COSTS . (Martin, Craig) (Entered: 01/17/2020) |
| 01/17/2020 | 211 | | MEMORANDUM *in Support of Plaintiff's Bill of Costs* re 210 Bill of Costs by William Kent Dean. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Martin, Craig) (Entered: 01/17/2020) |
| 01/21/2020 | 212 | | RESPONSE to Motion re 204 MOTION for Payment of Expert Witness Deposition Fees filed by Defendants Rebecca Einwohner, Kathy Galvin, Abdur Nawoor, Wexford Health Source. (Rupcich, Joseph) (Entered: 01/21/2020) |
| 01/22/2020 | | | NOTICE re 210 Bill of Costs: Costs will be taxed in the amount of $36,943.64; parties have 14 days to file objections. (MJC, ilcd) (Entered: 01/22/2020) |
| 01/22/2020 | | | Set Deadline for objections to Bill of Costs: Miscellaneous Deadline set 2/5/2020 for parties to file objections. (MJC, ilcd) (Entered: 01/22/2020) |
| 01/23/2020 | 213 | | MEMORANDUM in Opposition re 208 MOTION to Stay re 188 Judgment − *Plaintiff's Opposition to Defendants' Motion to Stay Execution of Judgment* filed by Plaintiff William Kent Dean. (Martin, Craig) (Entered: 01/23/2020) |
| 01/23/2020 | 214 | | MOTION for Extension of Time to File Response/Reply as to 205 MOTION for Attorney Fees *and Costs* by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. Responses due by 2/6/2020 (Rupcich, Joseph) (Entered: 01/23/2020) |
| 01/24/2020 | | | TEXT ORDER entered by Judge Sue E. Myerscough on 1/24/2020. Defendants' motion to extend their deadlines for responding to the fee petition and objecting to costs is granted in part. 214 . Both deadlines are extended to February 10, 2020. (KE, ilcd) (Entered: 01/24/2020) |
| 01/24/2020 | 215 | | RESPONSE to Motion re 214 MOTION for Extension of Time to File Response/Reply as to 205 MOTION for Attorney Fees *and Costs* filed by Plaintiff William Kent Dean. (Attachments: # 1 Exhibit A)(Martin, Craig) (Entered: 01/24/2020) |
| 01/27/2020 | 216 | | Citation to Discover Assets issued for Dr. Nawoor; returned to attorney(s) for service. Citation to Discover Assets Hearing set for 2/10/2020 at 11:00 AM (CST) in Courtroom 3 in Springfield before Judge Tom Schanzle−Haskins. (SKN, ilcd) Deleted Citations as to Dr Einwohner and Wexford entered |

| | | |
|---|---|---|
| | | originally as attachments to entry on 1/28/2020 . See docket entries 218 , 219 (ME, ilcd). (Entered: 01/27/2020) |
| 01/27/2020 | | Set/Reset Hearings: Citation Hearing as to Wexford Health Sources, Inc. set for 2/10/2020 02:00 PM in Courtroom 3 in Springfield before Magistrate Judge Tom Schanzle−Haskins. (SKN, ilcd) (Entered: 01/27/2020) |
| 01/27/2020 | | Set/Reset Hearings: Citation Hearing as to Dr. Abdur Nawoor set for 2/10/2020 11:00 AM in Courtroom 3 in Springfield before Magistrate Judge Tom Schanzle−Haskins. (SKN, ilcd) (Entered: 01/27/2020) |
| 01/27/2020 | | Set/Reset Hearings: Citation Hearing as to Dr. Rebecca Einwohner set for 2/10/2020 09:00 AM in Courtroom 3 in Springfield before Magistrate Judge Tom Schanzle−Haskins. (SKN, ilcd) (Entered: 01/27/2020) |
| 01/27/2020 | 217 | MOTION for Extension of Time to File Response/Reply as to 206 MOTION for Judgment as a Matter of Law *or in the Alternative* MOTION for New Trial *or in the Alternative Motion for Remittitur and Motion for Setoff* , MOTION for Leave to File an 18,000 Word Response by Plaintiff William Kent Dean. Responses due by 2/10/2020 (Martin, Craig) (Entered: 01/27/2020) |
| 01/27/2020 | 218 | Citation to Discover Assets issued; returned to attorney(s) for service. Citation Hearing as to Dr. Rebecca Einwohner set for 2/10/2020 at 9:00 AM in Courtroom 3 in Springfield before Magistrate Judge Tom Schanzle−Haskins (ME, ilcd) (Entered: 01/28/2020) |
| 01/27/2020 | 219 | Citation to Discover Assets issued; returned to attorney(s) for service. Citation Hearing as to Wexford Health Sources, Inc. set for 2/10/2020 at 2:00 PM in Courtroom 3 in Springfield before Magistrate Judge Tom Schanzle−Haskins. (ME, ilcd) (Entered: 01/28/2020) |
| 01/28/2020 | | TEXT ORDER:Plaintiff's motion for extension and to extend word count is granted. 217 . Plaintiff's response to Defendants' renewed motion for judgment as a matter of law/new trial/remittitur/setoff is due February 5, 2020. The combined response may be 18,000 words. Entered by Judge Sue E. Myerscough on 1/28/2020. (SG, ilcd) (Entered: 01/28/2020) |
| 01/28/2020 | | Notice of Docket Text or Event Modification re 216 Citation to Discover Assets: Deleted Citations as to Dr Einwohner and Wexford entered originally as attachments to entry. Efiled separately − See docket entries 218 , 219 . (ME, ilcd) (Entered: 01/28/2020) |
| 01/31/2020 | 220 | NOTICE *of Service of Citation to Discover Assets upon Dr. Adbur Nawoor* (Martin, Craig) (Entered: 01/31/2020) |
| 01/31/2020 | 221 | NOTICE *of Service of Citation to Discover Assets upon Dr. Rebecca Einwohner* (Martin, Craig) (Entered: 01/31/2020) |
| 01/31/2020 | 222 | NOTICE *of Service of Citation to Discover Assets upon Wexford Health Sources, Inc.* (Martin, Craig) (Entered: 01/31/2020) |
| 01/31/2020 | 223 | MOTION to Quash *or in the Alternative Stay Citation to Discover Assets* by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. Responses due by 2/14/2020 (Rupcich, Joseph) (Entered: 01/31/2020) |
| 01/31/2020 | 224 | |

| | | |
|---|---|---|
| | | MEMORANDUM in Support re 223 MOTION to Quash *or in the Alternative Stay Citation to Discover Assets* filed by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. (Rupcich, Joseph) (Entered: 01/31/2020) |
| 02/03/2020 | | TEXT ORDER: By the close of business on February 5, 2020, Plaintiff is directed to file a response to Defendants' motion to quash/stay citation to discover assets. Entered by Magistrate Judge Tom Schanzle–Haskins on 2/3/2020. (SG, ilcd) (Entered: 02/03/2020) |
| 02/04/2020 | 225 | MEMORANDUM in Opposition re 223 MOTION to Quash *or in the Alternative Stay Citation to Discover Assets* filed by Plaintiff William Kent Dean. (Attachments: # 1 Exhibit A)(Martin, Craig) (Entered: 02/04/2020) |
| 02/04/2020 | 226 | Emergency MOTION to Continue *Hearing* by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. Responses due by 2/18/2020 (Rupcich, Joseph) (Entered: 02/04/2020) |
| 02/05/2020 | | TEXT ORDER by U.S. Magistrate Judge Tom Schanzle–Haskins. Defendants' Emergency Motion to Continue Hearing 226 is ALLOWED. Hearing on Citation to Discover Assets to Dr. Rebecca Einwohner 218 set 2/10/2020 is CANCELLED and reset Friday, 2/28/2020, at 9:00 a.m.; hearing on Citation to Discover Assets to Dr. Abdur Nawoor 216 set 2/10/2020 is CANCELLED and reset Friday, 2/28/2020, at 11:00 a.m.; hearing on Citation to Discover Assets to Wexford Health Sources, Inc. 219 set 2/10/2020 is CANCELLED and reset Friday, 2/28/2020, at 2:00 p.m. All hearings are set in Courtroom 3 in Springfield before Magistrate Judge Schanzle–Haskins. (LB, ilcd) (Entered: 02/05/2020) |
| 02/05/2020 | 227 | RESPONSE to Motion re 226 Emergency MOTION to Continue *Hearing* filed by Plaintiff William Kent Dean. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Martin, Craig) (Entered: 02/05/2020) |
| 02/05/2020 | 228 | MEMORANDUM in Opposition re 206 MOTION for Judgment as a Matter of Law *or in the Alternative* MOTION for New Trial *or in the Alternative Motion for Remittitur and Motion for Setoff* filed by Plaintiff William Kent Dean. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Martin, Craig) (Entered: 02/05/2020) |
| 02/10/2020 | 229 | MOTION for Extension of Time to File Response/Reply as to Order on Motion for Extension of Time to File Response/Reply, 205 MOTION for Attorney Fees *and Costs*, Set/Reset Deadlines by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. Responses due by 2/24/2020 (Rupcich, Joseph) (Entered: 02/10/2020) |
| 02/11/2020 | | TEXT ORDER entered by Magistrate Judge Tom Schanzle–Haskins on 2/11/2020. Defendants' unopposed motion for extension of time is granted. Defendants' response/objection to Plaintiff's motion for fees and costs is due February 17, 2020. (KE, ilcd) (Entered: 02/11/2020) |
| 02/11/2020 | 230 | MOTION to Supplement 205 MOTION for Attorney Fees *and Costs / Plaintiff's Motion to Supplement His Request for Attorneys' Fees and Costs* by Plaintiff William Kent Dean. Responses due by 2/25/2020 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Martin, Craig) (Entered: 02/11/2020) |

| 02/12/2020 | 231 | ORDER entered by Judge Sue E. Myerscough on 2/12/2020. Defendants' motion to stay is denied. 208 . Defendants may renew their motion to stay enforcement of the judgment upon this Court's approval of a supersedeas bond in an amount sufficient to cover the entire judgment, plus interest, for the time period "through completion of all proceedings in the trial court and on through completion of all proceedings on appeal by issuance of the appellate mandate." (2018 Amendment Committee Note to Rule 62). As the judgment does not currently award costs or fees, whether a bond is necessary to stay collection of those amounts is not an issue presently before the Court. Defendants' motion to quash or stay the citation proceedings is denied 223 with leave to renew after a supersedeas bond is approved. See written order. (KE, ilcd) (Entered: 02/12/2020) |
|---|---|---|
| 02/13/2020 |  | TEXT ORDER entered by Judge Sue E. Myerscough on 2/13/2020. Plaintiff's motion to supplement his request for fees and costs is granted. 230 . (KE, ilcd) (Entered: 02/13/2020) |
| 02/14/2020 | 232 | MOTION to Continue *Citation Hearing* by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. Responses due by 2/28/2020 (Rupcich, Joseph) (Entered: 02/14/2020) |
| 02/14/2020 | 233 | MEMORANDUM in Opposition re 232 MOTION to Continue *Citation Hearing* filed by Plaintiff William Kent Dean. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Martin, Craig) (Entered: 02/14/2020) |
| 02/17/2020 | 234 | NOTICE of Appearance of Attorney by Elizabeth Erin Babbitt on behalf of Rebecca Einwohner, Abdur Nawoor, Wexford Health Source (Babbitt, Elizabeth) (Entered: 02/17/2020) |
| 02/17/2020 | 235 | NOTICE of Appearance of Attorney by J Timothy Eaton on behalf of Rebecca Einwohner, Abdur Nawoor, Wexford Health Source (Eaton, J) (Entered: 02/17/2020) |
| 02/17/2020 | 236 | OBJECTION *(230) Supplement to Bill of Costs, and* to 210 Bill of Costs, 211 Memorandum, Order on Motion to Supplement by Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. (Rupcich, Joseph) (Entered: 02/17/2020) |
| 02/17/2020 | 237 | RESPONSE to Motion re 205 MOTION for Attorney Fees *and Costs*, 230 MOTION to Supplement 205 MOTION for Attorney Fees *and Costs / Plaintiff's Motion to Supplement His Request for Attorneys' Fees and Costs* filed by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. (Rupcich, Joseph) (Entered: 02/17/2020) |
| 02/18/2020 |  | TEXT ORDER entered by Judge Sue E. Myerscough on 2/18/2020. Defendants' motion to continue the citation hearings set for February 28, 2020 before Magistrate Judge Schanzle−Haskins is denied 232 with leave to renew after Defendants either post a bond or provide to Plaintiff the documents sought by the citations. The clerk is directed to notify Magistrate Judge Schanzle−Haskins of this order. (KE, ilcd) (Entered: 02/18/2020) |
| 02/19/2020 | 238 | REPLY to Response to Motion re 204 MOTION for Payment of Expert Witness Deposition Fees filed by Plaintiff William Kent Dean. (Attachments: # 1 Exhibit A)(Martin, Craig) (Entered: 02/19/2020) |
| 02/21/2020 | 239 |  |

| | | |
|---|---|---|
| | | Response by William Kent Dean re 236 Objection / *Plaintiff's Response Opposing Defendants' Objections and in Support of His Bill of Costs*. (Martin, Craig) (Entered: 02/21/2020) |
| 02/21/2020 | 240 | MOTION for Leave to File / *Unopposed Motion for Leave to File Reply in Support of Motion for Attorneys' Fees and Costs* by Plaintiff William Kent Dean. Responses due by 3/6/2020 (Attachments: # 1 Exhibit A)(Martin, Craig) (Entered: 02/21/2020) |
| 02/24/2020 | | TEXT ORDER entered by Magistrate Judge Tom Schanzle−Haskins on 2/24/2020. Plaintiff's unopposed motion to file a reply is granted. 240 . The clerk is directed to separately docket the reply. (KE, ilcd) (Entered: 02/24/2020) |
| 02/24/2020 | 241 | REPLY to Response to Motion re 205 MOTION for Attorney Fees *and Costs* filed by Plaintiff William Kent Dean. (KE, ilcd) (Entered: 02/24/2020) |
| 02/25/2020 | 242 | STATUS REPORT *re Plaintiff's Motion for Payment of Expert Witness Deposition Fees [Dkt 204]* by William Kent Dean. (Martin, Craig) (Entered: 02/25/2020) |
| 02/26/2020 | | TEXT ORDER entered by Judge Sue E. Myerscough on 2/26/2020. Plaintiff's motion to order the payment of expert fees is moot. 204 . Plaintiff's represent that the experts have been paid. 242 . (KE, ilcd) (Entered: 02/26/2020) |
| 02/26/2020 | 243 | MOTION to Stay *Defendants' Renewed Motion to Stay Execution of the Judgment, Renewed Motion to Quash or Stay the Citation Proceedings and Motion to Approve Defendants' Bond and Other Security* by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. Responses due by 3/11/2020 (Attachments: # 1 Exhibit A)(Eaton, J) (Entered: 02/26/2020) |
| 02/27/2020 | | TEXT ORDER: : Defendants' renewed motion to stay and approve bond/security is granted. 243 . The proposed bond attached to the motion is approved as well as the proposed security for the punitive damages against Defendants Nawoor and Einwohner. By March 3, 2020, Defendants are directed to post the supersedeas bond and file evidence of the transfer to escrow. The citation hearings are cancelled, and the citation proceedings are stayed. Execution of the judgment is stayed. Entered by Judge Sue E. Myerscough on 2/27/2020. (SG, ilcd) (Entered: 02/27/2020) |
| 02/28/2020 | 244 | AFFIDAVIT *Affidavit of Attorney Elizabeth E. Babbitt Presenting Evidence of the Transfer of Escrow* by Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Babbitt, Elizabeth) (Entered: 02/28/2020) |
| 02/28/2020 | 245 | SUPERSEDEAS BOND. (Original Supersedeas Bond and Supporting documentation − Power of Attorney documents placed in clerk's office safe). Receipt #34626012083. (ME, ilcd) (Entered: 03/05/2020) |
| 03/05/2020 | 246 | +++ SEALED DOCUMENT − ORIGINAL DOCUMENT − SUPERSEDEAS BOND − UNREDACTED (ME, ilcd) (Entered: 03/05/2020) |
| 04/22/2020 | 247 | NOTICE of Change of Address by Craig Christopher Martin (Martin, Craig) (Entered: 04/22/2020) |

| 04/22/2020 | 248 | | NOTICE of Change of Address by Chloe E Holt (Holt, Chloe) (Entered: 04/22/2020) |
| 07/01/2020 | 249 | | MOTION to Withdraw as Attorney *for Nathaniel K.S. Wackman* by Plaintiff William Kent Dean. Responses due by 7/15/2020 (Wackman, Nathaniel) (Entered: 07/01/2020) |
| 07/06/2020 | | | TEXT ORDER entered by Magistrate Judge Tom Schanzle−Haskins on 7/6/2020. The motion to withdraw Attorney Wackman's appearance is granted 249 . (SAG, ilcd) (Entered: 07/06/2020) |
| 09/01/2020 | 250 | | MOTION to Cite Authority *Additional* by Defendants Rebecca Einwohner, Abdur Nawoor, Wexford Health Source. Responses due by 9/15/2020 (Eaton, J) (Entered: 09/01/2020) |
| 09/08/2020 | 251 | | RESPONSE to Motion re 250 MOTION to Cite Authority *Additional (PLAINTIFFS RESPONSE TO DEFENDANTS MOTION FOR LEAVE TO CITE ADDITIONAL AUTHORITY)* filed by Plaintiff William Kent Dean. (Martin, Craig) (Entered: 09/08/2020) |
| 09/08/2020 | 252 | | NOTICE of Change of Address by William McHenry Strom (Strom, William) (Entered: 09/08/2020) |
| 09/28/2020 | 253 | 46 | ORDER entered by Judge Sue E. Myerscough on 9/28/2020. Defendants' motion to cite additional authority is granted. 250 . The Court has considered the additional authority. Defendants' motion for judgment as a matter of law, a new trial, remittitur, and setoff is granted in part and denied in part. 206 . The punitive damages are remitted to $7,000,000.00. The motion is otherwise denied. Plaintiff's motion for attorneys' fees and costs is granted in part. 205 . Attorneys' fees are awarded in the amount of $602,786.25. Nontaxable expenses are awarded in the amount of $31,077.53. Accordingly, the total amount awarded pursuant to 42 U.S.C. § 1988 is $633,863.78. Costs are awarded to Plaintiff in the amount of $33,337.67. The clerk is directed to file an amended judgment to reflect the award of costs and attorneys' fees. See written order. (KE, ilcd) (Entered: 09/28/2020) |
| 09/28/2020 | 254 | 101 | AMENDED JUDGMENT entered. (KE, ilcd) (Entered: 09/28/2020) |
| 10/21/2020 | 255 | 44 | NOTICE OF APPEAL by Wexford Health Source. Filing fee $ 505, receipt number 0753−3502553. (Eaton, J) (Entered: 10/21/2020) |

E-FILED
Wednesday, 21 October, 2020 11:16:09 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| WILLIAM KENT DEAN, | |
| Plaintiff, | No. 17-CV-3112 |
| v. | Judge Sue E. Myerscough |
| WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, and DR. REBECCA EINWOHNER, | Magistrate Judge Tom Schanzle-Haskins |
| Defendants. | |

## DEFENDANTS' NOTICE OF APPEAL

Notice is hereby given that Defendants, Wexford Health Sources, Inc. ("Wexford"), Dr. Abdur Nawoor ("Dr. Nawoor"), and Dr. Rebecca Einwohner ("Dr. Einwohner") (collectively, "Defendants"), by and through their attorneys, Taft Stettinius & Hollister LLP, hereby appeal to the United States Court of Appeals for the Seventh Circuit from: (1) the December 18, 2019 judgment entered against the Defendants; (2) the district court's September 28, 2020 order denying the Defendants' post-trial motion; and (3) the September 28, 2020 amended judgment entered against the Defendants.

Dated:  October 21, 2020

Respectfully submitted,

WEXFORD HEALTH SOURCES, INC.,
DR. ABDUR NAWOOR, and DR.
REBECCA EINWOHNER,
*Defendants-Appellants*,

By: _____*s/ J. Timothy Eaton*_____
One of Their Attorneys

J. Timothy Eaton - jeaton@taftlaw.com
Elizabeth E. Babbitt - ebabbitt@taftlaw.com
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2800
Chicago, Illinois 60601
(312) 527-4000

28013517v3

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2020, I electronically filed the foregoing

*Defendants' Notice of Appeal* with the Clerk of the Court using the CM/ECF system.

The electronic case filing system sent a "Notice of E-Filing" to the following:


Jeremy Tyrrell
jtyrrell@atg.state.il.us
Illinois Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-9040
(217) 524-5091 (fax)

Joseph N. Rupcich
jrupcich@cassiday.com
Cassiday Schade LLP
111 North Sixth Street, 2nd Floor
Springfield, Illinois  62701

Craig C. Martin, Esq.
cmartin@willkie.com
Willkie Farr & Gallagher LLP
300 North LaSalle Street, Suite 500
Chicago, Illinois  60654
(312) 728-9000



/s/  J. Timothy Eaton


28077278v1

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | | |
|---|---|---|
| **WILLIAM KENT DEAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case Number: 17-3112** |
| | ) | |
| **WEXFORD HEALTH SOURCE,** | ) | |
| **DR. ABDUR NAWOOR, UNKNOWN** | ) | |
| **HEALTH CARE EMPLOYEES,** | ) | |
| **DR. REBECCA EINWOHNER,** | ) | |
| **KATHY GALVIN, and LISA MINCY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JUDGMENT IN A CIVIL CASE

☒ **DECISION BY THE COURT.**   This action came before the Court, and a decision has been rendered.   Defendant Unknown Health Care Employees was dismissed and terminated on 8/16/2018.   Defendant Lisa Mincy was dismissed and terminated on 12/16/2019.

☒ **JURY VERDICT.**   This action came before the Court for a trial by jury.   The issues have been tried and the jury has rendered a verdict for Plaintiff again Defendants Abdur Nawoor, Rebecca Einwohner, and Wexford Health Source.   The jury rendered a verdict for Defendant Kathy Galvin.

**IT IS ORDERED AND ADJUDGED** Plaintiff recovers compensatory damages in the amount of $1,000,000 from the Defendants Abdur Nawoor, Rebecca Einwohner, and Wexford Health Source, joint and severally.   Plaintiff does not recover any damages from Kathy Galvin.

**IT IS FURTHER ORDERED AND ADJUDGED** Plaintiff recovers punitive damages under his Eighth Amendment claim, as follows:   Abdur Nawoor in the amount of $25,000.00; Rebecca Einwohner in the amount of $12,500.00; and Wexford Health Sources, Inc. in the amount of $10,000,000.00.   This action is closed.

**Dated:   December 18, 2019**

s/ Shig Yasunaga
Shig Yasunaga
Clerk, U.S. District Court

Approved:   s/ Sue E. Myerscough
Sue E. Myerscough
U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM KENT DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-3112 |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

Plaintiff, with the assistance of pro bono counsel, pursued claims arising from alleged delays in the diagnosis and treatment of Plaintiff's kidney cancer during his incarceration in Taylorville Correctional Center.

After a seven-day trial in December 2019, the jury found against three of the defendants, Wexford Health Sources, Inc., Dr. Abdur Nawoor, and Dr. Rebecca Einwohner, awarding $1 million dollars in compensatory damages and over $10 million dollars in punitive damages to Plaintiff.

Defendants[1] move for judgment in their favor or a new trial, or for a reduction of damages and a setoff.  Plaintiff seeks attorneys' fees, expenses, and costs.

For the reasons below, the punitive damages against Wexford Health Sources, Inc., are reduced from ten million dollars to seven million dollars.  The jury's verdict is otherwise upheld.  Plaintiff's counsel is awarded $633,863.78 8 in fees and expenses, which is required to be paid from the jury's award.  Plaintiff's counsel is also awarded $33,337.67 in statutory costs.

## Discussion

## I.  Judgment as a matter of law is not warranted because legally sufficient evidence supports the verdict and the damages.

A motion for judgment as a matter of law requires the Court to decide if legally sufficient evidence was presented at trial to support the jury's verdict.  In making that decision, the Court draws all reasonable inferences in favor of Plaintiff, the prevailing party, and disregards Defendants' evidence which the jury did not have to believe.  The Court cannot weigh evidence or make credibility

---

[1] For ease of reference, when the Court uses the term "Defendants" in this order, the Court is referring to Defendants Wexford Health Source, Inc., Dr. Nawoor, and Dr. Einwohner. Defendant Mincy settled before the trial concluded, and the jury found in favor of Defendant Garst.

determinations. "[A] motion for a judgment as a matter of law can be granted only if the court—after viewing the evidence in the light most favorable to the non-movant—believes that the evidence 'supports but one conclusion—the conclusion not drawn by the jury.'" <u>Mejia v. Cook County</u>, 650 F.3d 631, 634 (7th Cir. 2011)(*quoting* <u>Ryl–Kuchar v. Care Ctrs., Inc.</u>, 565 F.3d 1027, 1030 (7th Cir.2009)).

Defendants move for judgment as a matter of law on Plaintiff's Eighth Amendment claims for deliberate indifference to Plaintiff's serious medical needs and on the damages awarded. Defendants do not move for judgment as a matter of law on Plaintiff's negligence claims.

To uphold the Eighth Amendment verdict against a particular Defendant, sufficient evidence must have been presented for a rational juror to find that that the Defendant was deliberately indifferent to Plaintiff's serious medical need. Knowing and repeated delays in needed medical treatment, delays which serve no legitimate purpose, are evidence of deliberate indifference. *See* <u>Goodloe v. Sood</u>, 947 F.3d 1026, 1031 (7th Cir. 2020)("[O]ur cases likewise establish that 'inexplicable delay' in responding to an

inmate's serious medical condition can reflect deliberate

indifference. . . . That is especially so if that delay exacerbates an

inmate's medical condition or unnecessarily prolongs

suffering.")(internal cite omitted)(reversing summary judgment and

finding that jury could infer deliberate indifference in three month

delay to see specialist).

Deliberate indifference is a state of mind—a conscious

disregard of an "'excessive risk to inmate health or safety.'" Whiting

v. Wexford Health Sources, Inc., 839 F.3d 658, 662 (7th Cir.

2016)(quoting Farmer v. Brennan, 511 U.S. 825, 837). "The state-of-

mind element is measured subjectively: The defendant must know

of facts from which he could infer that a substantial risk of serious

harm exists, and he must actually draw the inference." Id.  That a

defendant should have known is not enough to prove deliberate

indifference.  "Should have known" falls into malpractice

(negligence) territory, which is a state law claim, not a federal

constitutional claim.  Pierson v. Hartley, 391 F.3d 898, 902 (7th

Cir. 2004)("Negligence on the part of an official does not violate the

Constitution, and it is not enough that he or she should have

known of a risk.").

Direct evidence of a person's state of mind is rarely available, particularly in a case like this, which involves inadequate medical attention rather than no medical attention at all.  *See* <u>Whiting</u>, 839 F.3d  at 662; <u>Petties v. Carter</u>, 836 F.3d 722, 728 (7th Cir. 2016)("Rarely if ever will an official declare, 'I knew this would probably harm you, and I did it anyway!'").  More typically, actions and inactions over a period of time together form a picture of a deliberately indifferent state of mind, as in this case.

Defendant Dr. Nawoor argues that "Plaintiff identified no particular action or inaction that independently constituted deliberate indifference by Dr. Nawoor, instead relying on the entirety of his conduct between December 23, 2015 and May 4, 2017."  [d/e 207, p. 2.]  However, the totality of care provided by Dr. Nawoor is the focus, <u>Petties</u>, 836 F.3d at 728, not one particular action or inaction.

The jury heard testimony which allowed the rational conclusion that the only acceptable medical approach to a patient like Plaintiff presenting with painless and visible blood in his urine was a CT scan to rule out cancer.  That was not done until months after Plaintiff presented with gross, painless hematuria.  The jury

also heard ample evidence of how Dr. Nawoor shared personal responsibility for the delays in Plaintiff's receipt of the CT scan and other indisputably necessary tests and treatment, as detailed in Plaintiff's response. [d/e 228, p. 28].

Further, a defendant's demeanor and credibility on the stand—how the Defendant explains his or her actions or inactions—is an important factor in the deliberate indifference inquiry. Dr. Nawoor's demeanor allowed a reasonable inference that Dr. Nawoor was indifferent to Plaintiff's repeated pleas for help and Plaintiff's real and substantial risk of kidney cancer. That Dr. Nawoor provided some care did not preclude an inference of deliberate indifference against him.

The evidence of deliberate indifference against Defendant Dr. Einwohner was not as extensive as that against Dr. Nawoor but was still legally sufficient to support the verdict against Dr. Einwohner. A reasonable juror could have found that Dr. Einwohner, a nephrologist, knew that Plaintiff needed a CT scan and a urology referral but only suggested that course in an ambiguous email and did nothing further. Dr. Einwohner's demeanor at trial also could have been reasonably perceived as evasive and defensive.

As to Wexford Health Sources, Inc. ("Wexford"), the evidence allowed a reasonable inference that Wexford's practices were a moving force behind the delays and that Wexford knew that its practices would lead to inexplicable delays for an urgently needed diagnosis and treatment of life-threatening conditions. This inference would have been reasonable with or without the admission of the Lippert reports. Both Dr. Einwohner and Dr. Nawoor testified to the practices they were required to follow, including repeated collegial reviews which seemed to serve no purpose. Wexford's representatives testified to the appropriateness of those practices even in a case like Plaintiff's, but the jury did not have to believe their testimony. The jury could have believed that the practices presented an obvious risk to Plaintiff and other inmates presenting with potentially life-threatening conditions. A reasonable juror could have found that those practices on their faces would obviously and inevitably delay urgently needed treatment for some inmates, including Plaintiff. *See* Woodward v. Correctional Medical Services of Illinois, Inc., 368 F.3d 917, 930 (7th Cir. 2004)("The Supreme Court has expressly acknowledged that evidence of a single violation of federal rights can trigger

municipal liability if the violation was a 'highly predictable consequence' of the municipality's failure to act.")(quoted cite omitted).  Judgment as a matter of law on the Eighth Amendment claims is denied.

Defendants also move for judgment as a matter of law on the compensatory damages awarded for disability and loss of a normal life/decreased life expectancy and future medical expenses and supplies.  The jury awarded $100,000 for physical pain and suffering; $500,000 for emotional pain and suffering; $100,000 for disability and loss of normal life/diminished life expectancy; and, $300,000 for future medical care and supplies.

Defendants argue that no evidence supported damages for a decreased life expectancy or future medical care.  However, Plaintiff's expert, Dr. Metwalli, testified that catching cancer earlier generally leads to better prognosis and survival, that the progression of Plaintiff's tumor thrombus would have been expected to be less if the CT had been done earlier, which would have positively impacted the prognosis and made the surgery less complicated.  [*See, e.g.,* Metwalli Tr. [Vol. 2] 405:15-26; 406:1-6.] Even if the reduction of life expectancy could not be stated with a

reasonable degree of certainty, the $100,000 is supported by evidence of loss of a normal life—enduring a more complicated surgery, longer recovery from that surgery, and possibly unnecessary chemotherapy.

Sufficient evidence also supported the award of $300,000 in future medical expenses.  Defendants do not dispute that the cancer medications cost $10,000-$15,000 per month.  As Plaintiff points out, $300,000 assumes that Plaintiff had about 18 months to live at the time of the verdict.  Defendants argue that Plaintiff would have had these expenses regardless, but a reasonable jury could have found that chemotherapy might not have been required or would have been required to a lesser extent, if the delays had not occurred.

Defendants also argue that judgment as a matter of law is warranted on punitive damages.  The same evidence that supports the jury's finding of deliberate indifference also supports an award of punitive damages.  <u>Woodward v. Correctional Medical Serv. of Ill., Inc.</u>, 368 F.3d 917, 930 (7th Cir. 2004).  A reasonable juror could conclude that Defendants were recklessly, callously indifferent to the serious risk of substantial harm facing Plaintiff.  Judgment as a

matter of law is denied as to the assessment of damages. However, the punitive damages will be reduced as discussed below.

## II.  A new trial is not warranted.  The verdict was not against the manifest weight of the evidence, and the trial was fair.

The new trial standard differs from the standard for judgment as a matter of law.  "'A new trial is appropriate if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party.'"  <u>Martinez v. City of Chicago</u>, 900 F.3d 838, 844 (7th Cir. 2018)(quoted cite omitted); <u>Johnson v. Gen. Bd. of Pension & Health Benefits of the United Methodist Church</u>, 733 F.3d 722, 730 (7th Cir. 2013)("A new trial is appropriate where the verdict is against the clear weight of the evidence or the trial was not fair to the moving party.").[2]

### A.  Manifest Weight

Unlike the judgment as a matter of law standard, when assessing whether the verdict was against the manifest weight of the evidence, the Court "has the power to get a general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial."  <u>Mejia v.</u>

---

[2] "Clear" and "manifest" are used interchangeably in this context.

Cook County, 650 F.3d 631, 634 (7th Cir. 2011).  The Court
considers all the evidence presented, disregarding only evidence
"'reasonable persons could not believe'" because that evidence
"'contradicts indisputable physical facts or laws.'"  Id. at 633.
(quoted cite omitted).

Though the standards differ, the same reasons set forth above
for denying judgment as a matter of law also support the denial of a
new trial.  Considering all the evidence presented by both sides, the
weight of the evidence and the witnesses' credibility strongly favored
Plaintiff as to his claims against Dr. Nawoor and Wexford, in the
Court's judgment.  The verdict could have gone either way as to Dr.
Einwohner, thus was not against the manifest weight of the
evidence.

### B.  Evidentiary Rulings

Defendants challenge multiple evidentiary rulings.  Erroneous
evidentiary rulings do not alone warrant a new trial.  A new trial is
warranted "'only if the error had a substantial influence over the
jury, and the result reached was inconsistent with substantial
justice.' . . . 'Evidentiary errors satisfy this standard only when a
significant chance exists that they affected the outcome of the

trial.'"  <u>EEOC v. Management Hospitality of Racine, Inc.</u>, 666 F.3d
422, 440 (7th Cir. 2012)(quoted and other cites omitted); <u>Burton v.</u>
<u>City of Zion</u>, 901 F.3d 772, 777 (7th 2018)("[T]here must be a
significant chance that the flawed ruling affected the outcome of the
trial.").

### 1.  **Lippert** Reports

Defendants argue that admission of two expert reports from
another case, <u>Lippert v. Godinez</u>, 10-cv-4063 (N.D. Ill.), was error.
The reports were admitted as to notice, and the Court gave a
limiting instruction.  The Court's limiting instruction advised that
Wexford disputed the truth of the reports and that the reports could
be considered "only in deciding whether Defendant Wexford Health
Sources, Inc., had notice and knowledge of the information in the
reports, not whether the information in the reports is true."  [Jury
Instr., page 12.]

Recognizing that this ruling could have significance beyond
this case, the Court entered a written order explaining the reasons
for that ruling after the trial. [12/20/19 Order.]  The Court assumes
familiarity with that order.

Defendants argue that the report authored in October 2018 (the Puisis report) could not have given notice to the events in this case, which all occurred before that report issued.  The Puisis report, however, was a continuation of the 2014 report (the Shansky report).  Both were relevant to Wexford's notice from independent court experts that its procedures, including collegial review, caused significant and unnecessary delays in the delivery of off-site care.  *See* Hildreth v. Butler, 960 F.3d 420, 433 (7th Cir. 2020)(Hamilton, J., dissenting)(observing in dicta that the Lippert reports "would be admissible to show corporate knowledge of Wexford's policy failings and of the risks that inmates faced)(*citing* Daniel v. Cook County, 833 F.3d 728, 743 (7th Cir. 2016)[3]; Von Ryburn v. Obaisi, 2020 WL 3868715 (N.D.Ill.)(Lippert report admissible for nonhearsay purpose of notice)(*citing* Hildreth, this case, and Boyce v. Wexford Health Sources, Inc., 2017 WL 1436963, *15 n.12 (N.D. Ill.) (holding documents from other jail-condition case were "inadmissible hearsay to the extent they are offered to prove the truth of the statements they contain" but "may

---

[3] Judge Hamilton, Judge Rovner, and Judge Scudder recently dissented from the denial of rehearing en banc. Hildreth v. Butler, --- F.3d ---,  2020 WL 4815844 (7th Cir. 2020).

be admissible to show that the defendants were on notice of their contents")).

Defendants also argue that <u>Daniel v. Cook County</u>, 833 F.3d 728, 743 (7th Cir. 2016), which this Court cited to support admission of the reports as to notice, is distinguishable.  In <u>Daniel</u>, a court-appointed monitor issued a report regarding the progress in meeting the conditions of an agreed order about the delivery of healthcare to Cook County Jail detainees.  The Seventh Circuit stated that the agreed order and monitor's report were "inadmissible hearsay to the extent they are offered to prove the truth of the statements they contain, but they may be admissible to show that the defendants were on notice of their contents, or perhaps for other purposes."  <u>Id.</u>; <u>J.K.J v. Polk County</u>, 960 F.3d 367, 379 (7th Cir. 2020)(municipality must be on notice that practice will cause constitutional violations).  Wexford attempts to distinguish <u>Daniel</u> on the grounds that Wexford had no opportunity in <u>Lippert</u> to challenge the reports because Wexford was dismissed before the reports were filed.  In <u>Daniel</u>, the defendant, Cook County, did have the opportunity to challenge the reports.

That distinction is a distraction, though.  The issue here is notice of the reports' statements, not the truth of those statements. Wexford had notice of the reports as their representatives admitted at trial and as is obvious from the docket sheet in <u>Lippert</u>.  <u>Daniels</u> supports the admission of the <u>Lippert</u> reports as to notice.

Defendants also contend that the <u>Lippert</u> reports' statements were too inflammatory and unfairly prejudicial, outweighing any probative value as to notice, and that the Court "compounded the prejudice by vouching for the <u>Lippert</u> reports' reliability by erroneously taking judicial notice in front of the jury."  [207, p. 9.] In particular, Defendants point to the Puisis report's conclusion that "[t]here was no improvement since the first Court's expert report.  Our opinion is that the specialty care process of collegial review is a patient safety hazard and should be abandoned until such time that patient safety is ensured."  This statement was relevant as to notice of the statements in the first expert report and also relevant to rebut the suggestion of a lack of notice that the same problems continued to exist at the time of the trial.  The judicial notice taken was to the fact of the filing in <u>Lippert</u>, not to

the truth of the matter asserted in the filing.  That was made clear

through the Court's limiting instruction, which read:

> You have heard evidence about reports filed in a
> different case regarding the delivery of healthcare to inmates
> in the Illinois Department of Corrections. Defendant Wexford
> Health Sources, Inc., disputes the truth of those reports and
> has not admitted liability in that case. You may consider
> these reports only in deciding whether Defendant Wexford
> Health Sources, Inc., had notice and knowledge of the
> information in the reports, not whether the information in the
> reports is true. Remember, the issue is whether Defendants
> violated Plaintiffs rights as I describe those rights to you in
> these instructions.

[Final Jury Instructions, d/e 182, p. 12.]

The probative value of the <u>Lippert</u> reports as to notice was not

outweighed by the danger of unfair prejudice.  The reports'

statements are critical of Wexford but not inflammatory, and any

potential unfair prejudice was mitigated by the Court's limiting

instruction and by the opportunity of Wexford representatives to

testify that they disagreed with the reports' conclusions.

Further, even if admission of the <u>Lippert</u> reports was error,

ample other evidence supported a finding that Wexford's practices

were deliberately indifferent and that Wexford was on notice of this

problem.  The testimony of Wexford's own doctors supported the

conclusion that Wexford's practices caused delays in urgently

needed care for no legitimate reason.  Admission of the <u>Lippert</u>
reports did not affect the outcome of the trial to any significant
degree.

### 2.  Plaintiff's Closing Argument in Rebuttal

Defendants argue that the Court should have sustained
Defendants' objection to a statement by Plaintiff's counsel in
rebuttal that Plaintiff's disease became metastatic during
Defendants' delays. "Reversible error [in closing arguments] occurs
only if the statement was 'plainly unwarranted and clearly
injurious.'" <u>Smith v. Hunt</u>, 707 F.3d 803 (7th Cir. 2013)(quoted cite
omitted).

A reasonable juror could conclude that, had Plaintiff been
given a CT scan in the weeks after presenting with visible, painless
blood in his urine, he would have been diagnosed with cancer
months earlier and would have been able to have the surgery
months earlier.  While the experts could not pinpoint when the
cancer spread, a reasonable juror could conclude from the evidence
that the cancer continued to grow and spread between December
2015 and July 2016, when the surgery occurred, even if the cancer
was already spreading before December 2015.  The remark in

closing was not "plainly unwarranted" and, in any event, did not render the entire trial unfair.

Defendants maintain in a footnote to this section in their brief that the Court "allowed Plaintiff's counsel to improperly bolster the diminished life expectancy claim by letting counsel directly address the jury during evidence to 'introduce' Plaintiff's elderly father, who was not a witness, in an obvious attempt to garner sympathy and suggest that Deans live to an old age." [d/e 207, n. 1.]  After a break in Plaintiff's direct testimony, the Court explained to the jury that one of Plaintiff's attorneys was not present because that attorney was with the doctor who would be testifying in the afternoon, and that other attorneys may be leaving for similar reasons at various times throughout the trial.  Plaintiff's counsel then introduced Plaintiff's father and sister, who were sitting in the well near the table of Plaintiff's counsel.  The Court permitted them to sit in the well in order to accommodate Plaintiff's father, who appeared frail, had difficulty hearing, and needed help from Plaintiff's sister to move about.

The Court allowed the introduction of Plaintiff's father and sister for the same reason the Court explained the absence of one of

Plaintiff's lawyers—so the jury would not be distracted speculating about why the people by Mr. Dean's table changed throughout the trial.  The Court sees nothing improper or prejudicial about the introduction. [Tr. Vol. 3, pp. 199-203.]

Defendants also assert in a footnote that the Court allowed Plaintiff to testify that his life expectancy was going down every day he waited for surgery. Plaintiff testified that was his understanding about cancer:  "[J]ust pretty much common sense the longer you wait, the bigger it's going to grow, the more it's going to spread.  I didn't know anything about this spreading at this point." [Tr. Vol. 2 p. 190.]  Mr. Dean was expressing the fear he felt at the time and that evidence was appropriately allowed.

### 3.  Dr. Nawoor

Defendants also argue that character evidence was improperly admitted against Dr. Nawoor.  Evidence was presented that, during the relevant time period in this case, Dr. Nawoor had been disciplined for sleeping on the job and had been reported for not following procedures and not ordering necessary follow-up care for Plaintiff and other inmates.  At a sidebar, Defendants objected on

the grounds of hearsay, inadmissible character evidence, and lack of probative value.  [Tr. Vol. 5, p. 877.]

The evidence was properly admitted to show that Dr. Nawoor's inaction towards Plaintiff was no accident.  The evidence also was relevant to show that Dr. Nawoor was on notice of reports of his inattention in April 2016, when Plaintiff was diagnosed with cancer, and also in August 2016, after Plaintiff's surgery.  Fed. R. Evid. 404(b)(evidence of other bad acts may be admissible to show intent, motive, lack of accident).  These incidents are also evidence that Wexford knew about Dr. Nawoor's inattention and inadequate medical care to Plaintiff.

These incidents were probative of the deliberate indifference inquiry because the incidents tend to make it more probable that Dr. Nawoor and Wexford knew that Plaintiff was not getting adequate care and knew that the inadequate care would continue unless a change was made.  The probative value of this evidence was not outweighed by the danger of unfair prejudice that the jurors would find against Dr. Nawoor because he was a "bad doctor," as Dr. Nawoor argues.

The Court also agrees with Plaintiff that the most damaging evidence against Dr. Nawoor was Dr. Nawoor's own testimony and demeanor throughout the trial. A reasonable juror could have found Dr. Nawoor's attitude disdainful and disinterested. Dr. Nawoor also appeared to be sleeping at times throughout the trial. A reasonable inference of deliberate indifference arose against Dr. Nawoor even without admission of these incidents.

### 4. Plaintiff's Calendars

Defendants also assert that Plaintiff's calendars on which Plaintiff kept notes should not have been admitted into evidence and that Plaintiff should not have been allowed to read from the calendars. The calendars were appropriate to refresh Plaintiff's recollection when needed, [*see, e.g.,* Tr. Vol. 2 169-170; Fed. R. Evid. 803(5)(recorded recollection)], but if refreshing recollection were the only use, Defendants are correct that the calendars should not have been admitted into evidence, and Plaintiff should not have read from them. Fed. R. Civ. P. 803(5); Beauty Enterprises, Inc. v. Gregory, --- Fed Appx. ---, 2020 WL 5089558 *3 (7th Cir. 2020)(not reported in Fed. Rptr.). The Court also agrees with Defendants that

the calendars did not meet the business records exception to hearsay under Fed. R. Evid. 803(6).

However, the residual exception under Federal Rule of Evidence 807 supports the admission of the calendars.  *See* <u>United States v. McPartlin</u>, 595 F.2d 1321, 1350 (7th Cir. 1979)(even if diary not admissible under business records exception, diary was admissible under residual exception or as co-conspirator statement).  Plaintiff's calendar entries were probative of Plaintiff's state of mind when he made the entries and the timing of that state of mind with the physical symptoms he was experiencing.  The entries were corroborated by medical records and other evidence, and Plaintiff was an in-court witness who could be and was cross-examined on those entries.  *See* 2019 *comment to Fed. R. Evid. 807* ("In deciding whether the statement is supported by sufficient guarantees of trustworthiness, the court should not consider the credibility of any witness who relates the declarant's hearsay statement in court."); <u>McPartlin</u>, 595 F.2d at 1350 ("Furthermore the degree of reliability necessary for admission is greatly reduced where, as here, the declarant is testifying and is available for cross-

examination, thereby satisfying the central concern of the hearsay rule.").

In any event, even if the Court erred, Defendants do not explain how that error prejudiced them. Regardless of the calendars' admissibility, Plaintiff would have been able to consult his calendar to refresh his recollection to answer any question. The substance of Plaintiff's testimony would have only taken longer to elicit but would not have changed. Further, many of the entries in the calendar itself about medical appointments were corroborated, and most of the other entries unsurprisingly reflected Plaintiff's frustration and fears, something which Plaintiff testified to himself without the calendar. Not admitting the calendars into evidence would have had no effect on the verdict.

## 5.  Dr. Severino's Statements to Plaintiff

Defendants also argue that Plaintiff should not have been allowed to testify that Dr. Severino told Plaintiff that Plaintiff needed surgery "right away" and "as soon as possible." These statements were admissible to show the effect the statements had on Plaintiff's state of mind. United States v. Leonard–Allen, 739 F.3d 948, 954 (7th Cir. 2013) ("A witness's statement is not hearsay if the witness

is reporting what he heard someone else tell him for the purpose of explaining what the *witness* was thinking, at the time or what motivated him to do something.")(emphasis in original). Defendants assert that the statements were unfairly prejudicial, but Defendants had the opportunity and did rebut those statements with evidence that Dr. Severino did not characterize the surgery as emergent.

### 6. Dr. Barnett

Defendants argue that the Court improperly allowed Dr. Barnett, Plaintiff's expert in correctional medicine, to give unfounded and undisclosed testimony about the timing of presenting patients with advanced directives. Dr. Barnett testified that not providing Plaintiff with an opportunity to sign an advance directive before the surgery was a deviation from the standard of care. [Tr. Vol. 4, 549-50.] Instead, Plaintiff was presented with that opportunity in November 2016 when Plaintiff was receiving chemotherapy. Defendants maintain that Dr. Barnett's testimony improperly implied that Defendants were trying to save money on chemotherapy by obtaining Plaintiff's refusal for treatment.

Dr. Barnett testified in his deposition that he considered himself an expert in advanced directives and agreed that discussion

of a "do not resuscitate order" was appropriate if a patient is
terminal.  [Barnett Dep. 54-56.]  Dr. Barnett's trial testimony was a
natural extension of his deposition testimony and did not unfairly
surprise Defendants.  No prejudice resulted because Defendants
had the opportunity to explain why the advance directive was not
presented to Plaintiff until November.  Further, this dispute was
inconsequential in the overall trial.  Striking Dr. Barnett's
statement would have had no effect on the jury's decision.

Defendants also maintain that Dr. Barnett was improperly
allowed to testify on Plaintiff's emotional injury and cancer growth.
[Defs.' Mot. p. 15, d/e 207.]  (Defendants cite to pages 548-550 of
volume 3 of the transcript, but they appear to mean volume 4
because volume three does not contain those page numbers.)  Dr.
Barnett was asked whether Dr. Barnett had an opinion on how
Plaintiff's consideration of an advance directive in November 2016
"contributed to Mr. Dean's pain, suffering, mental anguish."  [Tr.
Vol. 4, p. 550.]  Dr. Barnett answered, over objection:

> "I do believe it indicates the – the severity of his
> condition.  And it would be a naturally difficult thing for
> anyone to re-visit, which is your imminent mortality.
> And it comes with the territory if you have cancer, you're
> going to be scared, you're going to be worried.  And each

intervening episode, a visit to the doctor, an x-ray report, they're all going to create anxiety. And this POLST [Physician's Order for Life-Sustaining Treatment] is going to create this anxiety that everyone needs to get through because they need this information. They need to know what do you want us to do.

Id. at 551.

This testimony stands for the unsurprising proposition that being confronted with one's mortality is upsetting, particularly when diagnosed with a terminal illness. The testimony was in further explanation of Dr. Barnett's opinion that Plaintiff should have been presented with the advance directive before Plaintiff's surgery, which, as was discussed above, was an issue that was inconsequential in the overall trial.

Defendants next assert that Dr. Barnett improperly testified to Defendants' mental states. Defendants cite to pages 500-506, but it is not clear which parts of those pages are at issue. The Court assumes that Defendants mean Dr. Barnett's testimony at page 506 [Tr. Vol. 4], that was based on Dr. Barnett's review of the medical records, depositions, and also based on hearing Dr. Nawoor's in-court testimony:

[I]t appears that the defendants were aware that the
failure to follow the guidelines as even promulgated by
Wexford itself was going to cause harm or put the patient
at risk of greater harm because the patient was at risk
from cancer and that was apparent – that was evident
early on.  And not treating cancer meant there would be
an unmitigated propagation or growth of that cancer
which would, of course, be harmful.

Dr. Barnett then explained that he drew this conclusion
from Wexford's own guidelines calling for radiologic studies
and cystoscopy on presentation of gross hematuria.  Id.

An expert is not prohibited from opining on ultimate
issues.  Fed. R. Evid. 704 ("An opinion is not objectionable just
because it embraces an ultimate issue."); Pittman by and
through Hamilton v. County of Madison, Ill., 970 F.3d 823,
829 (7th Cir. 2020)(expert testimony offering "outcome-
determinative opinions" was not automatically barred).  Dr.
Barnett's opinion that he believed Defendants were aware of
the danger of gross hematuria from Wexford's own policies
assisted the jury and was admissible, in the Court's judgment.
In any event, this testimony did not deprive Defendants of a
fair trial.

As to Defendants' assertion that Dr. Barnett was not qualified to testify about "cancer growth kinetics," Defendants do not point the Court to what testimony they challenge. If they challenge, as Plaintiff guesses, Dr. Barnett's testimony to the effect that "untreated cancer continued to grow" [d/e 228, p. 50], that observation is within Dr. Barnett's experience as a physician.

## C. Jury Instructions

A new trial is warranted when a jury instruction inaccurately states the law, and the instruction prejudiced a party by confusing or misleading the jury. O'Donnell v. Caine Weiner Co., LLC, 835 F.3d 549, 553 (7th Cir. 2019).

### 1. Deliberate Indifference and Reasonableness

Defendants take issue with the adjective "reasonable" used in the Court's jury instruction setting forth the elements for the Eighth Amendment claim. The Court's instruction required Plaintiff to prove that he had a serious medical need, that a Defendant was aware of the serious medical need, and that the Defendant "consciously failed to take reasonable measures to provide treatment for the serious medical need." The instruction then listed

factors to consider in determining whether reasonable measures
were taken.  [Final Jury Inst., d/e 182, pp. 27-28.)  This instruction
was based on the Seventh Circuit pattern instruction 7.17 (2017
rev.).

Defendants argue that reasonableness is a negligence
standard and that the instruction allowed the jury to find an Eighth
Amendment violation based on negligent conduct.  The instructions
on the negligence claim also incorporated the concept of
reasonableness, defining negligence as the "failure to do something
that a reasonably careful doctor or nurse would do . . . ." [Jury
Inst. p. 34.]

The concept of a reasonable response has been part of Eighth
Amendment law for decades.  Farmer v. Brenan, 511 U.S. 825
(1994)("[P]rison officials who actually knew of a substantial risk to
inmate health or safety may be found free from liability if they
responded reasonably to the risk, even if the harm ultimately was
not averted."(*cites omitted);* Walker v. Wexford Health Sources, Inc.,
940 F.3d 954, 965 (7th Cir. 2019)(affirming summary judgment
where prisoner doctor made "reasonable medical judgment");
Sanville v. McCaughtry, 266 F.3d 724, 740–41 (7th Cir.2001) ("[t]o

be liable under the Eighth Amendment for an inmate's suicide, 'a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act'").

The definitions of negligence and deliberate indifference do overlap in their use of the concept of reasonableness but part ways in the subjective element required. No subjective element is required in a negligence claim.  A prison doctor could be found negligent even if he or she was unaware of having responded unreasonably to an inmate's medical condition.  In contrast, a prison doctor could be found deliberately indifferent only if he or she was aware of having responded unreasonably.  The word "consciously" makes all the difference.  *See* 7th Cir. Pattern Instruction 7.17 (2017 rev.)(requiring awareness of serious medical need and conscious failure to take reasonable measures to treat that need).  The Seventh Circuit pattern instruction accurately states the law.

### 2.  Issues Instruction

Defendants assert that the Court erred by not giving their tendered issues instruction for the negligence claims, listing the actions or inactions which Plaintiff contended constituted negligence. *See* Illinois Pattern Jury Instruction 20.01.

A federal court is not required to give a state law pattern instruction. <u>Schwartz v. American Honda Motor Co., Inc.</u>, 710 F.2d 378, 382 (7th Cir. 1983)(giving federal instruction over Illinois pattern instruction was not grounds for reversal where instruction given was not faulty and did not cause prejudice); <u>Welch v. United States</u>, 604 F.3d 408, 421 n.15 (7th Cir. 2010)("'Illinois Pattern jury instructions are not binding.'")(quoting <u>People v. Peete</u>, 743 N.E.2d 689, 695 (Ill. 2001)).

An issues instruction in some cases could assist the jury but not in this case. In this case, an issues instruction accurately stating each alleged act of negligence would have been sprawling, confusing, and possibly misleading. *See, e.g.,* Plaintiff's partial list of Dr. Nawoor's failings, d/e 228 p. 28; <u>Howat v. Donelson</u>, 305 Ill.App.3d 183 (5th Dist. 1999)(reversing for giving misleading issues instruction). The issues in the case were explained to the jury in the statement of the case and presented thoroughly during the trial.

No issues instruction was needed, and the jury instructions accurately set forth the elements of the negligence claims.

## III.  A Remittitur of the Compensatory Damages Awarded is not Warranted.

The jury awarded $100,000 for Plaintiff's physical pain and suffering, $100,000 for disability/loss of normal life/diminished life expectancy, $300,00 in future medical expenses, and $500,000 for emotional pain and suffering.  Defendants argue that the Court must remit the $500,000 for emotional pain and suffering to $100,000 or less.

These awards were based on both the federal and state claims, so whether federal or state law applies is unclear.  Both parties cite federal law.[4]  The legal standard is "whether the jury's verdict is rationally related to the evidence and 'whether the award is roughly comparable to awards made in similar cases.'"  <u>Green v. Howser</u>, 942 F.3d 772, 781 (7th Cir. 2019)(*quoting* <u>Adams v. City of Chicago</u>, 798 F.3d 539, 543 (7th Cir. 2015).  The "monstrously excessive" factor quoted by the parties "is simply another way of expressing

---

[4] The difference appears to be that Illinois law does not require a comparison to other awards.  <u>Rainey v. Taylor</u>, 941 F.3d 243, 253 (7th Cir. 2019)("Under Illinois law it's neither necessary nor appropriate to evaluate a jury's compensatory award against awards in similar cases; a comparative analysis is not part of the state framework.").

the 'rational connection' factor," according to <u>Green</u>, 942 F.3d at

n.2, though more recent Seventh Circuit opinions seem to make the

rational-connection and monstrously-excessive inquiries

overlapping but independent.  *See* <u>Vega v. Chicago Park District</u>,

954 F.3d 996, 1008 (7th Cir. 2020); <u>Kaiser v. Johnson and Johnson</u>,

947 F.3d 996, 1019 (7th Cir. 2020).  Here, the difference is

immaterial, if there is a difference.  The compensatory damages are

rationally related to the evidence and are not monstrously

excessive.

A rational juror could believe that Dr. Nawoor told Plaintiff

from Plaintiff's first report of painless, visible urine in Plaintiff's

blood that Plaintiff could have cancer.  Plaintiff testified extensively

to his emotional distress for the months that followed before

Plaintiff was properly tested, and then more months after that to

have surgery, and then more delays after that for the necessary

follow-up and chemotherapy.  At one point during the trial, Mr.

Dean broke down crying, testifying that he felt that his inability to

obtain medical care was his fault because if he were not in prison,

then he could have walked into any emergency room to obtain a

diagnosis and treatment.  A juror could have reasonably found this

testimony sincere and compelling.  <u>Tullis v. Townley Eng. & Mfg.
Co.</u>, 243 F.3d 1058, 1068 (7th Cir. 2001)(jury has the role of
assessing credibility on emotional distress testimony).

As for comparisons to other cases, Defendants cite cases
which award less money or which award more money but which
Defendants maintain had more evidence of metastasis or harm.
Plaintiff aligns his case with the cases awarding more damages and
points out additional cases which support his award.  On this
record, the Court cannot conclude that $500,000 is so far outside
the norm that the jury's judgment must be disturbed.

## IV.  The punitive damages against Wexford are remitted to 7 million dollars.

The jury awarded $10 million in punitive damages against
Wexford.  Wexford argues that this amount is unconstitutionally
excessive.

This inquiry turns on the reprehensibility of Wexford's
conduct, the difference between the harm or potential harm
suffered and the punitive damages, and the difference between the
punitive damages and civil penalties allowable or imposed in
comparable cases.  <u>Green</u>, 942 F.3d at 782 (*citing* <u>State Farm Mut.</u>

<u>Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 418 (2003)).  The degree

of reprehensibility is the most important, measured by the nature of

the harm and the nature of the conduct.  In particular, relevant

factors are whether:

> the harm caused was physical as opposed to economic;
> the tortious conduct evinced an indifference to or a
> reckless disregard of the health or safety of others; the
> target of the conduct had financial vulnerability; the
> conduct involved repeated actions or was an isolated
> incident; and the harm was the result of intentional
> malice, trickery, or deceit, or mere accident.

<u>Id.</u> (*quoting* <u>State Farm</u>, 538 U.S. at 419).

Here, all of these factors support a punitive damage award.

Plaintiff suffered physical harm; Defendants were indifferent to

Plaintiff's health; Plaintiff was vulnerable financially and at the

mercy of Defendants; the delays were repeated, not isolated; and,

intentional malice could be inferred from Wexford's relentless and

rigid application of corporate practices which served no legitimate

purpose.

Further, the jury could have reasonably found from the

testimony at trial, including Defendants' own witnesses, that

Wexford continues to be indifferent to how its practices put inmates

with potentially life-threatening diseases at a substantial risk of serious harm.  A reasonable jury could have gotten the impression that a substantial punitive damages award was required to deter Wexford from similar conduct in the future.  The 1:1 ratio that Wexford seeks would arguably not deter or serve as adequate punishment.

The Supreme Court has stated that "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm, 538 U.S. at 425.  A higher ratio could be warranted in the right circumstance, for example if compensatory damages are small or the conduct is "particularly egregious." Id.  "[E]ven if the punitive award is higher than those in comparable cases, this guidepost generally deserves less weight than the other two." Rainey v. Taylor, 941 F.3d 243, 255 (7th Cir. 2019).  That makes sense, because comparing cases is an imprecise endeavor at best. Reading the facts of another trial on paper is quite different than experiencing the trial first hand. Many of the factors that inform a punitive damages award do not translate well to paper.

The ratio of punitive damages in this case was 10:1.  This is higher than the Supreme Court's "single digit" remark and higher than the ratios cases cited by Defendants where significant compensatory damages were awarded.  *See*, *e.g.*,, Epic Systems Corp. v. Tata Consultancy Services Ltd., 2020 WL 4882891 (7th Cir. 2020)($140 million for unjust enrichment, reducing punitives to, at most, $140 million)(1:1 ratio, though this is distinguishable because the compensatory damages were much higher than the $1 million in this case).

Plaintiff points out that the cases cited by Defendants involved less egregious facts or only economic damage.  Plaintiff cites cases in which a 10:1 ratio or greater was sustained.  *See* TXO Prod. Corp. v. Alliance Res. Corp, 509 U.S. 443, 453 (1993)($19,000 compensatory, $10 million punitive (526:1)(plurality, fraudulent plan to take back royalties);  Mathias v. Accor Economy Lodging, Inc., 347 F.3d 672 (7th Cir. 2003)(reinstating punitive damages of $186,000 to the $5,000 compensatory damages awarded for being bitten by bed bugs at a motel); Johnson v. Howard, 24 Fed.Appx 480, 486-87 (6th Cir. 2001)($30,000 compensatory, 3 million punitive where inmate savagely beaten with hands behind back);

<u>Murphy v. Gilman</u>, 551 F.Supp. 2d 677, 685-86 (W.D.

Mich.)($250,000 compensatory, 2.5 million punitive where inmate

died from dehydration).

Plaintiff also argues that the fees and costs awarded become

part of the compensatory damages, thus reducing the ratio between

punitive and compensatory damages.  The cases cited for that

proposition, however, are cases in which the plaintiff was actually

compensated with an attorney fee award.  Here, because of the

Prison Litigation Reform Act, the award of attorney fees will come

from the judgment and reduce the amount of money received by

Plaintiff.  Adding the fee award to the compensatory damages for

purposes of the punitive damages analysis is not warranted.

After careful consideration of the evidence, the Supreme

Court's guidelines, and roughly comparable cases, the Court

concludes that ten million dollars in punitive damages is

unconstitutionally excessive. The Court is upholding the entire

compensatory damage award of 1 million dollars, a substantial

amount.  The cases cited by Plaintiff in which the ratio was 10:1 or

greater had smaller compensatory damage awards, justifying a

higher punitive damage award to fairly represent the egregiousness

of the misconduct.  The cases cited by Defendants and additional
cases of which the Court is aware do not support a 10:1 ratio where
the compensatory award is 1 million.  *See, e.g.*, <u>Estate of Moreland</u>
<u>v. Dieter</u>, 395 F.3d 747 (7th Cir. 2005)($29 million compensatory,
$27.5 million punitive damages awarded; excessive force against jail
detainee caused detainee's death)(though this could be
distinguished by the fact that $27.5 million is an extraordinary
amount to begin with); <u>Fox ex. rel Fox v. Barnes</u>, 2013 WL 2111816
(N.D. Ill. 2013)($11 million compensatory; $1 million in punitive
damages; inmate's seizure caused permanent mental
damage)(though Wexford settled out for 14 million); <u>Degorski v.</u>
<u>Wilson</u>, 2014 WL 3511220 (N.D.Ill.)($225,000 compensatory,
$226,000 punitive damages; inmate's face fractured by repeated
punching by guard); <u>McCroy v. IDOC</u>, 02-CV-3171 (C.D. Ill)(inmate
lost eye; jury awarded $810,000 compensatory and $90,000
punitive damages); <u>Williams v. Patel</u>, 104 F.Supp.2d 984 (C.D. Ill.
2000)(1 million compensatory damages, punitive damages remitted
to $750,000; inmate lost eye).

The Court concludes that the punitive damages should be
remitted to $7 million dollars.  This amount recognizes the

reprehensibility of Wexford's conduct and the harm Plaintiff

suffered, should be sufficient to deter future similar conduct, and

also stays within the bounds of due process, in the Court's

judgment.  A seven to 1 ratio is still more than most of the other

cases cited above, but a higher ratio is justified by the evidence that

supported a reasonable conclusion that Wexford's practices will

foreseeably continue to cause constitutional violations unless there

is a change.

## V.  Defendants have not shown that they are entitled to a set-off.

Defendant Mincy, who was employed by the Illinois

Department of Corrections, settled for $10,000 early in the trial.

Defendants argue that they are entitled to reduction of the award by

this amount to prevent double recovery on the Eighth Amendment

claim.

This issue is more complicated than Wexford's analysis.  *See*

Fox ex rel. Fox v. Barnes, 2013 WL 2111816 (N.D. Ill.

2013)(discussing whether state or federal law applies, different

methods of calculating set-off under federal law, whether settlement

allocating proceeds to certain damages was in good faith, and the

non-settling party's burden of demonstrating set off is required).

Defendants have not met their burden of showing that they are

entitled to a setoff.

## VI. Plaintiff's Motion for Attorneys' Fees and Expenses

42 U.S.C. § 1988(b) allows the Court to allow "the prevailing

party, . . . a reasonable attorney's fee as part of the costs . . . ." in

certain actions, including actions under 42 U.S.C. § 1983 like this

one.  Calculating a reasonable fee begins with the

"lodestar" method--multiplying the reasonable hours expended by a

reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433

(1983).  The lodestar amount may then be revised in either direction

upon consideration of additional factors not considered in

determining the lodestar.  World Outreach Conference Center v.

City of Chicago, 896 F.3d 779, 783 (7th Cir. 2018).

However, Congress has placed limits on the attorneys' fees

recoverable on civil rights cases filed by prisoners.  42 U.S.C. §

1997e(d).  A verbatim recitation of those limits will be more

accurate than a paraphrase attempt:

**(d) Attorney's fees**

(1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

(B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

(2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

(3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

(4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 1988 of this title.

In effect, this statute means that the attorneys' fees cannot
exceed 150% of the jury award, which is not a problem here, since
Plaintiff's fee request amounts to about 16% of the $8 million
award.  The parties appear to agree that the cap on the hourly
attorney fee rate (150% of the Criminal Justice Act rate, or CJA
rate), has ranged from $198.00 to $228.00 in this case.  Twenty-five
percent of the remitted judgment is roughly $2 million, which
means that, even if the Court awards the total amount of attorneys'
fees and expenses Plaintiff seeks, Defendants will not pay more out-
of-pocket.  This is different from a nonprisoner civil rights case in
which the losing party pays the plaintiff's attorneys' fees in addition
to the amount the jury awards.

Plaintiff seeks a total of $1,234,600.50 in attorneys' fees and
$79,490.28 in nontaxable expenses.[5]  Plaintiff's counsel does not
seek reimbursement for any partner time [651 hours of reduction]
and has further reduced the hours sought for reimbursement by
790.50.  [d/e 230, p. 2; d/e 205, p. 3.]  According to the fee
petitions, the hours cut total a 31.37% reduction.  The total
attorney hours sought are 2,395, and the total paralegal hours

---

[5] Plaintiff's original petition was supplemented with additional fees and costs incurred after
the trial.

sought (at $125/hour) are 758.25.  According to Plaintiff, applying 150% of the applicable CJA rate to the attorney hours and $125 to the paralegal rate comes to $617,300.25.  Plaintiff asks that this amount be doubled to fairly compensate them.

The first step is to determine whether the 2,395 attorney hours and 758.25 paralegal hours spent on this case were reasonable.  For the most part, yes.  Plaintiff's pro bono counsel were appointed in May 2017 and took the case through settlement talks, extensive and difficult fact and expert discovery, opposing a motion to dismiss, opposing an extensive summary judgment motion, opposing Defendants' attempts to move the trial date out, responding to and pursuing many motions in limine, and litigating a seven-day, contentious trial.

The Court is confident that these hours were necessary to prove the violation of Plaintiff's Eighth Amendment rights.  This case was about a kind of deliberate indifference that is more subtle and insidious than the kind of deliberate indifference that screams out with obvious, easy-to-find evidence.  The skill, resources, and tenacity of Plaintiff's attorneys are the reason Plaintiff was able to uncover and prove deliberate indifference.  Plaintiff's counsel has

already culled substantial time from the fee petition. The Court does not see that much further culling is necessary.

However, Defendants do point out some deductions that the Court will make. The 15.5 hours spent on clemency and compassionate or geriatric release issues ($3,069 deduction)[6] will be deducted. Four and ¼ hours will be deducted as duplicative for preparing a timeline ($841.50 reduction). The time spent on mock closings by attorneys who did not give closing is deducted (13.25 hours, $2,623.50 reduction). Mr. Strom's travel time to Chicago on December 14, 2019, the weekend after the trial started, is deducted (3 hours, $594.00). Mr. Sawyer's hourly rate as a law student is reduced to $125, the same as the paralegal rate. Mr. Sawyer's time spent reviewing materials and attending meetings and depositions is deducted (13.5 hours, $2,673 reduction). The remainder of Mr. Sawyer's time in June 2018 (24.75 hours) was reasonable, but is reduced by $1,806.75 to reflect the reduction in hourly rate. Defendants assert that the hours spent by Attorney Chloe Holt when she was a law student should also be reduced, but Defendants have not set forth those entries in their response.

---

[6] Defendants do not set forth the applicable CJA rate when this time was billed, so the Court uses $198.00).

Defendants also point out block billing and time entries that they maintain are insufficiently described. The Court has reviewed those entries and finds that the work done is either described sufficiently in the entry or is clear when considered in context with the surrounding entries.

Defendants next argue that 61.25 attorney hours and 119.75 support hours reflect administrative tasks that are not appropriately billed as attorney or paralegal time. The Court has reviewed those entries and concludes that those entries do not, by and large, appear to be solely administrative tasks. The complexity and the amount of the evidence in this case required extensive organization by individuals with the legal training and familiarity with the case to understand how that evidence should be best organized and summarized to prepare for trial. The Court's count of entries that might be purely administrative amounts to 23.25 hours of support staff time, most of that occurring after the trial by Mr. Garcia. Removing that time results in a deduction of $2,906.25.

The Court has carefully reviewed the remainder of the time entries set forth in Defendants' response and finds the time spent

was directly and reasonably incurred to prove a violation of Plaintiff's Eighth Amendment rights. The rates are more than reasonable, given the PLRA limits. The lodestar is 2,345.5 attorney hours at a CJA rate of $198-$228 (depending on the time frame) and $125 for Mr. Sawyers time, plus 734.75 hours at a paralegal rate of $125. The total dollar amount deducted from the attorneys' fees is $11,607.75. The total dollar amount deducted from the paralegal fees is $2,906.25. These deductions leave a total fee award of $602,786.25.

Defendants assert that the fees should be denied or reduced because Plaintiff's counsel voluntarily took the case pro bono and benefited from the case's publicity and training opportunities for associates. A firm's commitment to pro bono work does not preclude a fee award, nor does the existence of intangible benefits from that work.

Defendants maintain that a reduction is in order to reflect that Plaintiff did not obtain a jury verdict against two Defendants. The jury returned a verdict in favor of Defendant Galvin, and Defendant Mincy settled before the trial concluded. These individuals' testimony, though, was important in proving the deliberate

indifference of the other Defendants, particularly of Dr. Nawoor and Wexford.  The discovery against Defendants Mincy and Galvin would have been necessary even if they had not been named as Defendants, and their testimony at trial would also have been necessary.  The Court will not deduct the time spent or the costs incurred relating to Defendants Mincy and Galvin.

Plaintiff asks that the lodestar be multiplied by two because the PLRA rates undervalue the superior representation and excellent results achieved in this case.  However, "[t]here is a strong presumption that the lodestar calculation yields a reasonable attorneys' fee award."  Pickett v. Sheridan Health Care Center, 664 F.3d 632, 639 (7th Cir. 2011).

Plaintiff cites a Ninth Circuit Court of Appeals case subject to the PLRA hourly rate which upheld a multiplier of two due to counsel's superior performance under extreme time pressure and to help attract competent counsel in the future.  Kelly v. Wengler, 822 F.3d 1085 (9th Cir. 2016).[7]  The district court cases cited by Plaintiff

---

[7] More recently, the Ninth Circuit has held in a PLRA case that the quality of performance and novelty/complexity of the issues are already factored into the lodestar and therefore cannot be considered when determining whether an enhancement is warranted.  Parsons v. Ryan, 949 F.3d 443, 467 (9th Cir. 2020).  Parsons, however, confirmed that the lodestar may be enhanced in a PLRA case.

which follow this approach are also in the Ninth Circuit.  Plaintiff
does not cite any cases in the Seventh Circuit addressing whether a
lodestar enhancement is permissible in PLRA cases, nor has the
Court found any.  Defendants argue that a lodestar enhancement
would be an end-run around the hourly rate limit.

This important question is a question for another day.  The
Court need not decide whether the hourly rate limit precludes an
enhancement of the lodestar because the Court finds that the
lodestar is reasonable.  Plaintiff's counsel achieved extraordinary
results, which the Court believes is already reflected in the lodestar.

Defendants also maintain that the travel costs and expert
witness fees recoverable as nontaxable expenses are excessive.
They assert that the partners did not need luxurious
accommodations at $142.38 per night for the partners and that
attorneys should have shared hotel rooms.  The Court does not find
$142.38 per night excessive and finds the need for separate rooms
necessary and reasonable.  Defendants point out that it appears
that some of the hotel rooms were not used on the weekend.  The
Court will, therefore, deduct the cost of two nights for Mr. Wackman
($194.36) and one night for Mr. Pelz ($142.38).  The Court will also

deduct Mr. Strom's $343.62 car rental and $244.89 for Dr.
Barnett's nonrefundable airline ticket.

As for the expert expenses, Defendants assert that Dr. Dhar's
expert charges of $29,512.50 are excessive and should be brought
more in line with the payments to Plaintiff's other experts.
Defendants do not dispute that expert witness fees are recoverable
under § 1988, and Plaintiff cites a district court case concluding
that expert witness fees are recoverable.

However, 42 U.S.C. § 1988(c) limits recovery of expert witness
fees to cases brought pursuant to 42 U.S.C. § 1981 and 1981a, and
this case was not brought under either of those sections.  This case
was brought under 42 U.S.C. § 1983, which means that expert fees
are not recoverable under § 1988.  Jackson v. Birkey, 2019 WL
2305135 * 6 (C.D. Ill.); Fields v. City of Chicago, 2018 WL 253716 *
11 (N.D. Ill. 2018); Thorncreek Apartments I, LLC v. Village of Park
Forest, 2016 WL 4503559 * 11 (N.D. Ill. 2016).  Expert witness fees
are not recoverable under Fed. Rule of Civil Procedure 54 either.
Chambers v. Ingram, 858 F.2d 351, 360 (7th Cir. 1988).

Accordingly, the expert fees of $47,487.50 will be deducted.
Lastly, Defendants object to the $16.95 spent for a book co-

authored by Dr. Barnett, *Essentials of Correctional Nursing.*
Defendants argue that, "[i]n the event the Court taxes this cost to
Defendants, Plaintiff should give the book to counsel for
Defendants." [Rep. p. 52.] This expenditure was reasonably
necessary in vetting and qualifying Dr. Barnett as an expert. The
Court will not deduct this expense.

The total deductions for the expenses is $48,412.75.
Therefore, the total nontaxable expenses awarded as part of the fee
award is $79,490.28 minus $48,412.75, or $31,077.53.

The total amount awarded pursuant to 42 U.S.C. § 1988 is
$633,863.78 ($602,786.25 in attorney/paralegal fees plus
$31,077.53 in expenses). This is less than 25% of the jury award
and is, therefore, applied against the jury award.

## VII.  Plaintiff's bill of costs is allowed in the amount of $33,337.67.

Plaintiff seeks $36,943.64 in costs pursuant to Federal Rule of
Civil Procedure 54(d) and 28 U.S.C. § 1920. Defendants bear the
burden of demonstrating a cost should be disallowed. Crosby v.
City of Chicago, 949 F.3d 358, 363 (7th Cir. 2020)("Challenging a
district court's award of costs is an uphill battle. 'We have made it

clear that Rule 54(d) creates a presumption that the prevailing party will recover costs, and that the ultimate decision to award costs is within the district court's discretion.'")(*quoted cite omitted*).

Defendants challenge the admission fees for Attorneys Holt and Wackman, which totaled $462.00.  Defendants argue that they should not pay for these attorney admissions if these attorneys will continue to practice in this District.  However, though this Court will sometimes allow pro hac vice admission for pro bono counsel, the Central District of Illinois does not generally allow pro hac vice admission, *see* United States v. Emergency Med. Assoc. of Ill., Inc., 436 F.3d 726, 730 (7th Cir. 2006)(affirming taxing of cost of pro hac vice admissions), and these attorneys' admissions were necessary for them to represent Plaintiff.  These costs are allowed.

Defendants next challenge the amounts spent for serving Dr. Severino and Dr. Guaglianone—$75.00 for the standard service fee, $50.00 for same day service, and $45 and $90 (respectively) for tendering the witness fees ($385.00 total).  The parties agree that costs for service are generally limited to the fee that would have been charged by the U.S. Marshal, which the parties agree is $65.00 per hour.  The hours necessary to serve these two witnesses

are not set forth, so the Court awards $65 for each, totaling

$130.00.  The Court cannot determine whether same day service

was necessary or whether the advanced check fee represents the

actual witness fees or a service charge.  Accordingly, only $130 will

be allowed.

Defendants' argument that Plaintiff should not recover the

costs related to Defendants Mincy and Galvin is rejected, for the

reasons explained above.

Defendants next argue that the descriptions for the

$14,584.65 in printing costs are too vague to determine whether the

costs were necessary or reasonable.  Many of the entries state only

"color copy" or "B&W copy," while a few entries contain more

description.  Some description is necessary, but within reason.

Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.

924 F.2d 633, 643 (7th Cir. 1991)(party "was not required to submit

a bill of costs containing a description so detailed as to make it

impossible economically to recover photocopying costs. Rather,

Commercial was required to provide the best breakdown obtainable

from retained records.").

Defendants ask that the entire $14,584.65 be deducted, but certainly copies were necessary in this case.  The copying entries which exceed $15.00 from November and December 2019 total $11,233.68, and this was during the time when the parties were in the midst of summary judgment, final pretrial, and trial proceedings.  The Courts find that $11,233.68 was reasonable and necessary even with the lack of description during this time.  Therefore, the copying charges allowed are reduced by $3,350.97 ($14,584.65 minus $11,233.68).  Added to the reduction in service charges of $255, the total reduction of costs is $3,605.97, leaving an award of costs for $33,337.67.

**IT IS ORDERED:**

**(1)  Defendants' motion to cite additional authority is granted. [250.]  The Court has considered the additional authority.**

**(2)  Defendants' motion for judgment as a matter of law, a new trial, remittitur, and setoff is granted in part and denied in**

part. [206.]  The punitive damages are remitted to

$7,000,000.00.[8] The motion is otherwise denied.

(3)  Plaintiff's motion for attorneys' fees and costs is

granted in part. [205.]  Attorneys' fees are awarded in the

amount of $602,786.25.  Nontaxable expenses are awarded in

the amount of $31,077.53.  Accordingly, the total amount

awarded pursuant to 42 U.S.C. § 1988 is $633,863.78.

(4)  Costs are awarded to Plaintiff in the amount of

$33,337.67.

(5) The clerk is directed to file an amended judgment to

reflect the award of costs and attorneys' fees.

ENTERED: **September 28, 2020**

FOR THE COURT:        s/Sue E. Myerscough
                      SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE

---

[8]Saccomeno v. U.S. Bank Nat'l Assoc., 943 F.3d 1071, 1092 (7th Cir. 2019)("a court is
empowered to decide the [constitutionally] maximum permissible amount without offering a
new trial.").

Case 3:17-cv-03112-SEM-TSH Document 254 Filed 09/28/20 Page 1 of 2
Case: 20-3058    Document: 1-1    Filed: 10/21/2020    Pages: 103

E-FILED
Monday, 28 September, 2020  03:28:52 PM
Clerk, U.S. District Court, ILCD

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | |
|---|---|
| **WILLIAM KEN DEAN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )  **Case Number: 17-3112** |
| | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| **DR. ABDUR NAWOOR, UNKNOWN** | ) |
| **HEALTH CARE EMPLOYEES,** | ) |
| **DR. REBECCA EINWOHNER,** | ) |
| **KATHY GALVIN, and LISA MINCY.** | ) |
| | ) |
| **Defendants.** | ) |

## JUDGMENT IN A CIVIL CASE

☒ **DECISION BY THE COURT**.    This action came before the Court, and a decision has been rendered.    Defendant Unknown Health Care Employees was dismissed and terminated on 8/16/2018.    Defendant Lisa Mincy was dismissed and terminated on 12/16/2019.

☒ **JURY VERDICT**.    This action came before the Court for a trial by jury.    The issues have been tried and the jury has rendered its verdict for Plaintiff against Defendants Abdur Nawoor, Rebecca Einwohner, and Wexford Health Sources, Inc.    The jury rendered a verdict for Defendant Kathy Galvin.

    **IT IS ORDERED AND ADJUDGED** that Plaintiff recovers compensatory damages in the amount of $1,000,000.00 from the Defendants Abdur Nawoor, Rebecca Einwohner, and Wexford Health Source, joint and severally.    Plaintiff does not recover any damages from Kathy Galvin.

    **IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff recovers punitive damages under his Eighth Amendment claim, as follows:    Abdur Nawoor in the amount of $25,000.00; Rebecca Einwohner in the amount of $12,500.00; and Wexford Health Sources, Inc. in the amount of $7,000,000.00.

    **IT IS FURTHER ORDERED AND ADJUDGED** that attorneys' fees are awarded in the amount of $602,786.25.    Nontaxable expenses are awarded in the amount of $31,077.53.    The total amount awarded pursuant to 42 U.S.C. § 1988 is $633,863.78.    Costs are awarded to Plaintiff in the amount of $33,337.67.

**Dated: 9/28/2020**

Judgment in a Civil Case (02/11)

s/ Shig Yasunaga
Shig Yasunaga
Clerk, U.S. District Court

Approved:     s/ Sue E. Myerscough
Sue E. Myerscough
U.S. District Judge